**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**AHOLD USA, INC.,** *et al.,*

        **Plaintiffs,**

**v.**                                      **Case No.: 1:05-cv-00256-WDQ**

**METROPOLITAN LIFE INSURANCE**
**COMPANY,**

        **Defendant.**

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant Metropolitan Life Insurance Company ("MetLife"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves to dismiss Plaintiffs' Amended Complaint for the reasons set forth in the accompanying brief.

WHEREFORE, Defendant MetLife requests that its Motion to Dismiss be granted, that the Amended Complaint be dismissed with prejudice, and that MetLife be awarded it attorneys' fees and costs incurred in defending this action.

DATED this 23rd day of March, 2005.

                        Respectfully submitted,

                        METROPOLITAN LIFE INSURANCE COMPANY

                        By:   /s/ Jennifer A. Kerkhoff        
                                  Of Counsel

Eric W. Schwartz, Esq. (Of Counsel)
Jennifer A. Kerkhoff (D. Md. Bar No. 15397)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C.  20004-2134

Telephone:  (202) 274-2950
Facsimile:  (202) 654-5655
eric.schwartz@troutmansanders.com
jennifer.kerkhoff@troutmansanders.com

*Counsel to Defendant Metropolitan Life Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of March 2005, a copy of the above and foregoing Motion to Dismiss was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

     /s/ Jennifer A. Kerkhoff
     Jennifer A. Kerkhoff

1008338

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**AHOLD USA, INC.,** *et al.,*

    **Plaintiffs,**

**v.**                                               **Case No.: 1:05-cv-00256-WDQ**

**METROPOLITAN LIFE INSURANCE
COMPANY,**

    **Defendant.**

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant Metropolitan Life Insurance Company ("MetLife"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and Local Rule 105(1), respectfully submits this brief in support of its motion to dismiss Plaintiffs' Amended Complaint (the "Complaint").

### I. INTRODUCTION

This action is governed by the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Counts I and II of the Complaint are brought by Plaintiffs Giant Food LLC ("Giant") and Ahold USA, Inc. ("Ahold") under ERISA to recover benefits allegedly owed to the nine employees who participated in an employee welfare benefit plan sponsored by Ahold. These counts must be dismissed because Giant and Ahold lack standing to bring these claims on behalf of or to recover benefits for the nine employees. Count III of the Complaint, which attempts to allege a state law breach of contract claim relating to the same employee welfare benefit plan, must be dismissed because it is preempted ERISA.

## II. FACTS[1]

Ahold sponsored an employee welfare benefit plan (the "Plan") for eligible employees of Ahold and its subsidiaries, including Giant. (Complaint, ¶ 4). The Plan made available life insurance benefits to eligible Plan participants. (Complaint, ¶ 13). Plan benefits were funded through a group term life insurance policy issued to Ahold by MetLife. (Complaint, ¶¶ 1, 4). MetLife administered claims for life insurance from the Plan. (Complaint, ¶ 5). Ahold was the Plan sponsor and Plan administrator. (Complaint, ¶ 4; Exhibit B, p. 0032).[2] Giant is a subsidiary of Ahold, and is the successor to the employer of the nine Plan participants whose claims are the subject of this action. (Complaint, ¶ 2). Plaintiffs allege that Giant is "authorized" to act as the representative of these nine employees pursuant to 29 C.F.R. § 2560.503-1(b)(4). (Complaint, ¶ 2).[3]

Eligible, qualified employees who are "totally disabled" as defined by the Plan may be entitled to continued life insurance benefits, if proof of disability is received by MetLife no later than 12 months from the date last worked. (Complaint, ¶ 12). An employee would demonstrate proof of disability by completing a form titled the "Statement of Review for Continuance of Life Insurance Protection during Total Disability," which was to be provided to the employee by the Plan Administrator. (Complaint, ¶ 14).

In this case, the continuation form was not sent by Ahold to the nine employees until at

---

[1] For purposes of this motion to dismiss, the allegations made in the Complaint are construed in the light most favorable to Plaintiffs, and all material allegations in the Complaint, as well as any reasonable inferences to be drawn from them, are accepted as true. *Hospital Bldg. Co. v. Trustees of the Rex Hospital,* 425 U.S. 738 (1978). MetLife does not agree with many of the factual allegations in the Complaint, but, for purposes of this motion only, the allegations in the Complaint are accepted as true. The facts stated in Section II of this brief are recitations of those alleged in the Complaint.

[2] Citations to "Exhibits" are to those Exhibits attached to the Complaint.

[3] Plaintiffs' assertion that Giant is an "authorized representative" is a conclusion of law that need not be accepted as true for purposes of this motion. *Eastern Shore Mkts., Inc. v. J.D. Assoc., Ltd. P'ship,* 213 F.3d175, 180 (4th Cir. 2000). As demonstrated in Section III, *infra,* to the extent the Complaint concludes that Giant is "authorized" to bring this civil action, it is wrong.

least two years after each had stopped working.  (Complaint, ¶ 18).  In some cases, the form was not sent by Ahold until three to four years after the employee had stopped working.  (Complaint, ¶ 18).

None of the nine employees submitted the continuation form to MetLife to demonstrate proof of disability within 12 months after he/she last worked.  (Complaint, ¶ 18).  MetLife denied the nine employees' claims for continued life insurance coverage because proof of disability was not submitted timely.  (Complaint, ¶ 19).  In denying these claims, MetLife exercised its discretion to interpret the terms of the Plan.   (Complaint, ¶ 19; Exhibit B, p. 0033).  Plaintiffs allege that MetLife's denial of continued insurance benefits is unreasonable.  (Complaint, ¶¶ 23-24).

Counts I, II, and III of the Complaint seek the same relief – namely, an order requiring MetLife to approve continuation of life insurance coverage for each of the nine Plan participants.  (Complaint, ¶¶ 30, 34, 42).  Count I, which asserts a claim under § 502 of ERISA, is brought by Giant, as the "authorized representative" of the participants, "to enforce and/or clarify the participants' rights" under the Plan.  (Complaint, ¶ 30).  Count II, asserting also a claim under § 502 of ERISA, is brought by Ahold, purportedly to enforce the terms of the Plan.  (Complaint, ¶ 34).  Count III attempts to allege a state law breach of contract claim relating to the group life insurance policy which funds the Plan.  (Complaint, ¶ 42).

### III.  ARGUMENT

**A.** **Defendants Giant and Ahold lack standing to bring claims under ERISA on behalf of Plan participants.**

Counts I and II must be dismissed because Giant and Ahold lack standing to bring this action under ERISA to recover benefits for the nine employees.  Further, even if Giant or Ahold

3

could bring suit in federal court as a representative of Plan participants, they should not be permitted to do so in this case because of their clear conflict of interest.

1.     **Count I must be dismissed because Giant lacks standing.**

Count I, brought pursuant to ERISA § 502, seeks "to enforce and/or clarify the participants' rights" under the Plan. (Complaint, ¶ 30). This count is brought by Giant, purportedly as the "authorized representative" of the nine employees. (Complaint, ¶¶ 26, 28, 30). ERISA defines who may bring a civil action to recover plan benefits. 29 U.S.C. § 1132(a). The statute states clearly that only "participants," "beneficiaries," and in some cases, "fiduciaries," may bring a civil action to enforce or to clarify rights under a benefit plan. *Id.* An employer, acting on its own or as some alleged "representative" of Plan participants, does not have standing to pursue a civil action under ERISA. *See HealthTek Solutions, Inc. v. Fortis Benefits Ins. Co.,* 274 F. Supp. 2d 767, 775 n.2 (E.D. Va. 2003).

As one district court in the Fourth Circuit explained recently: "Any argument that an employer has standing to sue under ERISA based on their status as an employer must fail. . . . The Court of Appeals for the Fourth Circuit and every other circuit court [except the Ninth Circuit] to address the question have held that employers must fit into one of the enumerated categories in order to have standing."[4] *HealthTek Solutions,* 274 F. Supp. 2d at 775 n.2 (citing *Ocean Breeze Festival Park, Inc. v. Reich,* 853 F. Supp. 906, 912 n.4 (E.D. Va. 1994), *aff'd by Virginia Beach Policemen's Benev. Ass'n v. Reich,* 96 F.3d 1440 (4th Cir. 1996)). *See also Tuvia Convalescent Center v. National Union,* 717 F.2d 726 (2d Cir. 1983) (employer lacks standing under ERISA to bring civil action).

---

[4] The only "enumerated" categories in ERISA § 502 are beneficiaries, participants, and fiduciaries. *Vogel v. Independence Fed. Sav. Bank,* 728 F. Supp. 1210, 1221 n.2 (D. Md. 1990). *See also* 29 U.S.C. § 1132(a).

Here, Plaintiffs do not allege that Giant is a participant, beneficiary, or fiduciary. Rather, Plaintiffs allege only that Giant is an "authorized representative" pursuant to 29 C.F.R. § 2560.503-1(b)(4). This regulation does not confer standing on Giant to bring this action. Courts have held consistently that ERISA confers standing on only participants, beneficiaries, or fiduciaries to bring an action under ERISA § 502. *See, e.g., HealthTek Solutions,* 274 F. Supp. 2d at 775 n.2 (employer must be a participant, beneficiary, or fiduciary to have standing); *Vilas v. Lyons*, 702 F. Supp. 555, 561 (D. Md. 1988) ("civil actions for claims under ERISA may be brought only by a participant, beneficiary, or fiduciary."). *See also Franchise Tax Bd. v. Laborers Vacation Trust,* 463 U.S. 1, 25 (1983) (ERISA limits carefully parties entitled to sue thereunder to only participants, beneficiaries, and fiduciaries).

Examination of the regulation cited by Plaintiffs demonstrates that Giant lacks standing. This regulation deals with only internal benefit claim procedures. It does not govern civil actions filed in federal court under ERISA § 502. *See* 29 C.F.R. § 2560.503-1. The specific section cited by Plaintiffs states simply: "The claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 C.F.R. § 2560.503-1(b)(4). This section refers to only the potential for representative authority during only the ***internal administrative claim and appeal*** process. Construing this specific federal regulation, the Fourth Circuit noted clearly that it addresses internal administrative appeal procedures, not civil actions brought under ERISA § 502. *Gayle v. UPS,* 2005 U.S. App. LEXIS 3935, *6-7 (4th Cir. Mar. 9, 2005) (prior to gaining access to federal courts, claimants must exhaust administrative remedies and comply with any internal appeal procedures prescribed by a benefit plan pursuant to 29 C.F.R. § 2560.503-1); *Gruber v. UNUM Life Ins. Co. of Am.,* 195 F. Supp. 2d 711, 716 (D. Md. 2002) (29

5

C.F.R. § 2560.503-1 governs internal appeal procedures). *See also Crespo v. UNUM Life Ins. Co. of Am.,* 294 F. Supp. 2d 980, 993 (N.D. Ill. 2003) (29 C.F.R. § 2560.503-1 addresses internal appeal process).

Any authority given to Giant to act as the employees' representative during the internal administrative appeal process extends only so far as that internal process. Giant is not a participant, beneficiary, or fiduciary. The plain language of ERISA § 502 and the consistent holdings of the Fourth Circuit make clear that Giant lacks standing to bring this civil action as an "authorized representative." Count I is brought by only Giant. Giant lacks standing. Count I must be dismissed.

2. **Count II must be dismissed because Ahold lacks standing.**

Count II, brought by Ahold pursuant to ERISA § 502, purportedly seeks to enforce the terms of the Plan. (Complaint, ¶¶ 32-34). Ahold alleges that, as a fiduciary, it is "entitled to appropriate equitable relief" to redress MetLife's alleged violations of the Plan and "to enforce any terms of that plan." (Complaint, ¶ 32). Since Ahold is a fiduciary, unlike Giant, ERISA § 502 might confer standing on Ahold to bring a civil action in certain circumstances.[5] However, these circumstances are not present in this case.

The plain language of section 502 states that only a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of [the Plan]." 29 U.S.C. § 1132(a)(1). A fiduciary, such as Ahold, is not authorized to bring a civil action to recover benefits for a Plan participant; only a participant or beneficiary may bring such an action. *Compare* 29 U.S.C. § 1132(a)(1)(B) (authorizing participant or beneficiary to recover benefits

---

[5] As the Plan sponsor and administrator, Ahold was a fiduciary. *See* 29 C.F.R. § 2509.75-8; *Provident Life & Accident Ins. Co. v. Waller,* 906 F.2d 985, 988 (4th Cir. 1990).

due to him/her), *with* 29 U.S.C. § 1132(a)(3) (authorizing fiduciary to file suit for certain relief, but suit to recover benefits not among permissible relief).

In an analogous case, the Fourth Circuit rejected the notion that a fiduciary could bring a cause of action under ERISA to recover benefits for a Plan participant. *Coyne & Delaney Co. v. Blue Cross & Blue Shield,* 102 F.3d 712 (4th Cir. 1996). The Court noted that section 502(a)(1) confers standing on only participants and beneficiaries to bring claims to recover benefits. *Id.* at 715. Comparatively, section 502(a)(3) confers standing on fiduciaries to bring certain claims, but does not include claims to recover benefits. *Id.* The Court held that section 502(a)(3) could not be read to allow fiduciaries to bring suits to recover benefits because "it would render meaningless the omission of fiduciaries in section 502(a)(1)(B)." *Id.* A fiduciary is not permitted to seek "appropriate equitable relief" to recover benefits for Plan participants. The Court held: "Benefits cannot be 'appropriate' relief for fiduciaries under section 502(a)(3) when Congress denied them that very remedy under the specific terms of section 502(a)(1)(B)." *Id.* at 716. The Court held further that "Section 502 provides a remedy for the wrongful denial of benefits; ***it is simply one that only a participant or beneficiary . . . can claim***." *Id.* (emphasis added).

Like a wolf in sheep's clothing, Ahold alleges that it seeks only "equitable relief" to enforce terms of the Plan. (Complaint, ¶ 32). Ahold's true nature, however, is revealed simply by examining the relief requested in Count II: "Ahold respectfully requests this Court for equitable relief enforcing the terms of the [Plan] by Ordering MetLife ***to accept and approve the individual participants' proof*** of total disability and ***to approve continuation of life insurance coverage*** during each participant's period of total disability." (Complaint, ¶ 34) (emphasis added). Just as Giant attempted to do in Count I, Ahold seeks to recover the same life insurance

coverage on behalf of the nine Plan participants. The Fourth Circuit has addressed and rejected similar attempts by fiduciaries to recover benefits. *Coyne & Delaney,* 102 F.3d at 713. Section 502 does not confer standing on Ahold to bring suit to recover such benefits on behalf of the nine employees. As such, Count II must be dismissed.

3.    **Plaintiffs' conflict of interest destroys any standing that might otherwise exist.**

Even if this Court concludes that either Giant or Ahold may be able to assert a claim under ERISA § 502 on behalf of the nine employees, dismissal of Counts I and II is warranted because the interests of Giant and Ahold conflict with the interests of the nine employees.

Giant and Ahold have brought this action to recover benefits allegedly owed to nine employees. MetLife denied these nine employees' individual claims for continuing life insurance benefits because each employee failed to submit timely proof of disability within 12 months of the date they stopped working, as required by the Plan. (Complaint, ¶¶ 12, 18-19). In each case, by Plaintiffs' own allegations in the Complaint, Ahold and Giant failed to provide to the employees the requisite form for submission to MetLife until at least 2 years after (and in some cases 4 years after) the employees stopped working. (Complaint, ¶ 18). Ahold and Giant allege that the reason the employees did not submit timely to MetLife their proof of disability is because Ahold and Giant did not provide the forms to the employees in a timely fashion. (Complaint, ¶¶ 21, 23). To the extent a court were to uphold MetLife's denial of benefits, Ahold and/or Giant could be liable to the nine employees for failure to provide timely the necessary forms. If ever a civil action were pled adequately and allowed to proceed, MetLife could file a claim against Ahold and/or Giant for indemnity, contribution, and other appropriate relief if the employees were found entitled to benefits. As such, assuming, *arguendo,* that this motion to dismiss were denied in whole or in part, or even if granted, if Ahold and Giant were allowed to

8

amend and the case were to proceed, the interests of Ahold and Giant would conflict immediately with the interests of the nine Plan participants.

When dealing with "representational" standing, the Fourth Circuit has held that an organization lacks standing when there is a conflict of interest "which would require that the individual members come into the lawsuit to protect their interests." *Maryland Highways Contractors Ass'n v. Maryland,* 933 F.2d 1246, 1252-53 (4th Cir. 1991). *See also Chicago Truck Drivers, Helpers & Warehouse Workers Union Health & Welfare Fund v. Local 710, Int'l Brotherhood of Teamsters,* 32 Employee Benefits Cas. (BNA) 2644, 2004 U.S. Dist. LEXIS 4657, *5 (N.D. Ill. March 22, 2004) (fiduciaries may sue on behalf of participants only if conflicts of interest do not prevent acting in best interests of participants).

"Representational" standing should not be conferred on Giant or Ahold.  If ever there were a circumstance when a conflicted party ought not act as a representative, it is in an ERISA action when the interests of the fiduciary are opposed to those of plan participants.  ERISA imposes a duty on fiduciaries to act "solely in the interests of the participants." 29 U.S.C. § 1104(a). Here, Giant's and Ahold's interests are adverse to the Plan participants because Giant and Ahold could be liable to the nine employees for failure to provide timely certain Plan documents.  No amount of artful pleading or proposed amendments to the Complaint can change this fact.  Therefore, this action should be dismissed with prejudice.

Notably, it is unclear whether the nine employees are even aware of the conflict of interest created by Giant's and/or Ahold's pursuit of an ERISA action on their behalf. To the extent any "authorization" could be given to Giant or Ahold to act on an employee's behalf – which is not permitted by the express language of ERISA – it could not be given in this case. The interests of Giant and Ahold are adverse to the interests of the nine employees.  If this action

9

were ever to proceed, MetLife could file a claim against Giant and/or Ahold seeking indemnity based on their omissions and failure to provide timely to the nine employees Plan documents necessary to make their claims.  Once such a claim were filed, Giant's and Ahold's interests would be grossly conflicted with those of the nine employees.  This conflict would affect necessarily Giant's and/or Ahold's ability to act "solely in the interests" of the nine employees. 29 U.S.C. § 1104(a).  As such, Giant and Ahold are not in a position to act as a "representative" of the nine employees.

The fact is that Ahold or Giant made a huge mistake by failing to provide timely Plan documents to the employees.  Recognizing their potential exposure to the employees, and believing that "the best defense is a good offense," rather than waiting to defend against a suit by the employees, Ahold and Giant filed suit against MetLife.  They hope to obtain the employees' benefits before the employees sue Ahold and Giant.  However, the Court cannot indulge their scheme to protect their interests.  Due to their conflict of interest, standing should not be conferred on Giant or Ahold to seek recovery of the employees' benefits.  *See, e.g., Maryland Highways,* 933 F.2d at 1252-53.  Accordingly, Counts I and II must be dismissed.

**B.      Plaintiffs' state law breach of contract claim is preempted by ERISA.**

Count III must be dismissed because it is preempted by ERISA.  Employee welfare benefit plans, such as the Plan, are governed by ERISA.  *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 127 (1992); *see also* 29 U.S.C. § 1003(a)(1) (ERISA "shall apply to any employee benefit plan if it is established or maintained by any employer engaged in commerce or in any industry or activity affecting commerce").  If a state law "relate[s] to" employee welfare benefit plans, including any common law and state statutory

rights of employees seeking to recover plan benefits, it is preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

The Supreme Court has held that the preemption provision of ERISA is extremely broad. *See, e.g., Pilot Life*, 481 U.S. at 45-46 ("[T]he express pre-emption provisions of ERISA are deliberately expansive"); *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983) ("[T]he breadth of [29 U.S.C. §1144(a)'s] pre-emptive reach is apparent. . . ."). The Supreme Court has employed a similarly broad definition in determining whether a law "relates to" an employee welfare benefit plan. A state law "relates to 'a benefit plan . . . if it has a connection with or reference to such a plan.'" *Shaw*, 463 U.S. at 96-97. Furthermore, because Congress used the phrase "relate to" in its broad sense, the Supreme Court has "emphasized that the pre-emption clause is not limited to 'state laws specifically designed to affect employee benefit plans.' " *Pilot Life*, 481 U.S. at 47-48; *accord, Shaw*, 463 U.S. at 98.

Regardless of how the state cause of action is characterized, the Supreme Court, the Fourth Circuit, and other federal circuits have repeatedly given the preemptive provision of ERISA a sweeping scope. *See, e.g., Pilot Life, supra* (state common law breach of contract, fraud, and bad faith claims preempted by ERISA); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (common law breach of contract and tort claims for mental anguish preempted by ERISA); *Makar v. Health Care Corp. of the Mid-Atlantic*, 872 F.2d 80 (4th Cir. 1989) (state law claims for monies due and owing, breach of contract, and bad faith preempted by ERISA); *Salomon v. Transamerica Occidental Life Ins. Co.,* 801 F.2d 659 (4th Cir. 1986) (state law breach of contract and estoppel claims preempted by ERISA); *Dunbar v. Orbital Sciences Corp. Group Disability Plan,* 265 F. Supp. 2d 572, 588 (D. Md. 2003) (breach of contract claim preempted by ERISA); *Kress v. Food Emplrs. Labor Rels. Ass'n,* 217 F. Supp. 2d 682, 685-86

(D. Md. 2003) (same); *Gruber v. UNUM Life Ins. Co. of Am.*, 195 F. Supp. 2d 711, 717 (D. Md. 2002) (same). *See also Bd. of Trustees of the Hotel & Rest. Employees Local 25 v. Madison Hotel*, 97 F.3d 1479, 1486-87 (D.C. Cir. 1996) (general common law causes of action, such as breach of contract, preempted by ERISA).

Count III, which purports to seek specific performance under a state law breach of contract claim, is preempted by ERISA. It is well-settled that causes of action seeking recovery of benefits under employee benefit plans, based upon state law, are preempted by ERISA. *See, e.g., Metropolitan Life Ins. Co. v. Pettit,* 164 F.3d 857, 861 (4th Cir. 1998); *Stiltner v. Berretta U.S.A. Corp.,* 74 F.3d 1473, 1480 (4th Cir. 1996), *cert. denied,* 519 U.S. 810 (1996). Count III seeks clearly to recover life insurance coverage under the Plan. It seeks a court order requiring MetLife to "approv[e] as timely applications by individual participants for the continuation of life insurance coverage, with a waiver of premiums, while the participants are totally disabled." (Complaint, ¶¶ 42). Count III must be dismissed because it is preempted by ERISA.[6] *Gruber,* 195 F. Supp. 2d at 717 (breach of contract claim not immune from ERISA's broad preemptive force).

## IV. CONCLUSION

For the foregoing reasons, MetLife requests respectfully that this Court dismiss with prejudice Plaintiffs' Amended Complaint, and award MetLife its attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(1).

DATED this 23rd day of March, 2005.

---

[6] Recognizing the sweeping scope of ERISA's preemptive provision, Plaintiffs assert blindly that there is no "adequate remedy at law" and the claim is not preempted because "it is based on state law which regulates insurance." (Complaint, ¶ 41). These assertions are hollow. Count III seeks the same relief as Counts I and II, which are pled under § 502 of ERISA. Accordingly, to the extent any relief is available, ERISA provides the appropriate remedy. In addition, Plaintiffs fail to cite any state law regulating insurance, or otherwise, which would defeat ERISA's broad preemptive force and the well-settled Fourth Circuit law which mandate the dismissal of their breach of contract claim.

Respectfully submitted,

METROPOLITAN LIFE INSURANCE COMPANY


By:   /s/ Jennifer A. Kerkhoff
           Of Counsel

Eric W. Schwartz, Esq. (Of Counsel)
Jennifer A. Kerkhoff (D. Md. Bar No. 15397)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C.  20004-2134
Telephone:  (202) 274-2950
Facsimile:  (202) 654-5655
eric.schwartz@troutmansanders.com
jennifer.kerkhoff@troutmansanders.com

*Counsel to Defendant Metropolitan Life Insurance Company*


### CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of March 2005, a copy of the above and foregoing Brief in Support of Motion to Dismiss was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.


   /s/ Jennifer A. Kerkhoff
Jennifer A. Kerkhoff


1008339

13