**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**AHOLD USA, INC., *et al.*,**

**Plaintiffs,**

**v.** **Civil Action No. 05cv256-WDQ**

**METROPOLITAN LIFE INSURANCE COMPANY,**

**Defendant.**

# MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

## INTRODUCTION

Ahold USA, Inc. ("Ahold") and Giant Food LLC ("Giant"), as authorized representative acting on behalf of Bertha R. Berkeridge, et al. ("the plan participants"), by John H. Zink, III and James K. Archibald with Venable LLP, their attorneys, file this Memorandum in Opposition to Metropolitan Life Insurance Company's ("MetLife") Motion to Dismiss and Supporting Brief.

## SUMMARY OF ARGUMENT

### Count I

The nine plan participants on whose behalf the Count I claim is brought expressly appointed Giant Food LLC ("Giant") as their "authorized representative to act on [their] behalf ...in [their] appeal of MetLife's denial of [their] claim for continued life insurance coverage based on the waiver of premium provisions for totally disabled participants under the Giant Food Inc. Life Insurance Plan." Giant commenced its appeal efforts on

behalf of the participants under the claims procedure mandated by 29 U.S.C. § 1133[1] MetLife raised no objection to Giant acting in that representative capacity during the administrative portion of the claim and appeal process. The next step in the appeal framework, which must be commenced after an appeal is denied administratively, is for judicial review of that administrative ruling pursuant to 29 U.S.C. § 1132.[2]

Giant, acting as authorized, has properly pursued that judicial review on behalf of the participants by means of the Count I claim. The participants are entitled to have a representative pursue that review on their behalf. The cases cited by MetLife do not hold otherwise and there is no logical reason why a claim on behalf of a participant should be barred if a participant chooses to proceed in that fashion.

An ERISA Regulation explicitly provides that "claims procedures for a plan will be deemed reasonable only if -- ... (4) The claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 CFR § 2560.503-1(b)(4). If the claims procedures for the administrative portion of an ERISA claim or appeal of an adverse benefit determination are reasonable **only if** an authorized representative is permitted to act for a claimant, it makes no sense to suggest (as MetLife

---

[1] That Section states: "Claims procedure In accordance with regulations of the Secretary, every employee benefit plan shall—(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." Note that while the statute references only participants and beneficiaries, authorized representatives are permitted to receive notices and to act on behalf of participants in connection with claims procedures.

[2] See *Gustafson v. Kennametal, Inc.*, 2001 U.S. Dist. LEXIS 173 (S.D.N.Y. 2001)(contrasting fees incurred during the judicial review portion of the claim process with fees "incurred during the **administrative portion of the claim process**") and *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167 1172 n. 8 (9th Cir. 1999)(discussing fees "for the **administrative portion of an ERISA appeal**").

does) that such representatives are prohibited in the judicial portion of the claim and appeal process. Indeed, the cases regularly hold that representatives pursuing Section 1132(a)(1) claims on behalf of participants and beneficiaries have standing to do so.

**Count II**

Ahold is a plan fiduciary, and as such is entitled to bring an action for equitable relief "to redress [violations of any provision of ERISA or the terms of the plan], or to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). In the context of Section 1132(a)(3), Count II states a cause of action for appropriate relief. Ahold does not seek to recover any monetary benefits or life insurance proceeds, but, instead, seeks to enforce plan provisions that require MetLife to continue life insurance coverage for participants who are disabled. The enforcement of the terms of the plan as applied to the nine participants represented by Giant accrues to the benefit of all participants on a plan-wide basis.

Nevertheless, MetLife argues that Ahold's cause of action in Count II seeks to recover benefits for plan participants and that Ahold, under the holding in *Coyne & Delaney Co. v. Blue Cross & Blue Shield*, 102 F.3d 712 (4th Cir. 1996), lacks standing to request such relief. A fair reading of *Coyne* indicates that Coyne filed suit against Blue Cross for reimbursement of benefits paid to a participant under a group medical plan. *Id.* at 714. *Coyne* did not involve interpretation of plan provisions for the continuation of benefits applicable to all participants.

To clarify the intent and scope of Count II, Ahold has prepared a Second Amended Complaint, and contemporaneously with the filing of this Memorandum, is moving for leave to file the Second Amended Complaint. As amended, Count II states:

"MetLife has unilaterally and arbitrarily changed the terms of the Life Insurance Plan to require Continuation Forms to be filed within two years after a participant was actively at work rather than 'as soon as reasonably possible,' as prescribed by the plan. *This change effectively alters the administration and terms of the plan to the prejudice of all plan participants covered by the plan."* (Second Amended Complaint, Count II, ¶ 33, emphasis added). Therefore, *Coyne* is inapplicable under the circumstances, and Ahold clearly has standing under Section 1132(a)(3) and under the ruling in *Coyne*.

**Conflict of Interest**

MetLife also asserts that "dismissal of Counts I and II is warranted because the interests of Giant and Ahold conflict with the interests of the nine employees." (MetLife's Brief, Argument A.3., p. 8). Besides losing sight of its own fiduciary obligations under 29 U.S.C. § 1104,[3] MetLife's argument is without merit. The interests of Giant, Ahold and the participants are completely aligned in this case; i.e. all have the same interest in seeing that MetLife correctly interprets and applies provisions in the plan for continuation of life insurance coverage during a participant's disability. MetLife's argument that it can change the terms of the plan, thereby exposing Ahold to claims by participants and MetLife, which in turn precludes redress by Ahold against MetLife, is, to say the least, disingenuous.

**Count III**

MetLife's final argument is that Ahold's Count III cause of action for specific performance by MetLife of its obligations under its insurance contract with Ahold is

[3] " A fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

preempted by ERISA. MetLife complains that Ahold "fails to cite any state law regulating insurance [to defeat preemption]." (MetLife's Brief, n. 6, p. 12). As recognized by MetLife, however, 29 U.S.C. § 1144(b)(2)(A) creates an exception to preemption where a claim is based on state law which regulates insurance. To address MetLife's apparent concern that specific references to Maryland's insurance laws were not cited by Ahold in Count III, Ahold's proposed Second Amended Complaint references the statutes regulating insurance applicable to MetLife's conduct, including misrepresentation of the plan's terms as they pertain to the continuation of life insurance coverage for participants.

## ARGUMENT

### I. The Defendant Has A Heavy Burden On A Motion To Dismiss.

This Court is thoroughly familiar with the standards governing consideration of Rule 12(b)(6) motions. Little time need be spent, therefore, in setting those standards out. Because the Defendant, on this issue, only referenced one somewhat dated (1978) case in passing in a footnote (footnote 1), however, this Court's summary in *Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 359 (D. Md. 2004) of the more recent pertinent cases and holdings may be worth noting:

> A Fed.R.Civ.P. 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). All allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir.1993). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir.1979), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979); *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992.

As the arguments below demonstrate, Defendant MetLife has not come close to meeting its heavy burden here.

**II. Plan Participants Are Entitled To Have Claims Pursued On Their Behalf and Have Authorized Giant To Do So Here. Giant Has Standing As a Result.**

Count I of the Complaint[4] is brought by Giant Food LLC ("Giant") expressly "on behalf of" nine participants in an employee welfare benefit plan. MetLife moves to dismiss that Count on the ground that Giant lacks standing to bring it – pointing to the statutory language of 29 U.S.C. § 1132(a)(1) referencing "participant(s) or beneficiar(ies)"[5] as persons empowered to bring suit under that Section but not explicitly referencing "representatives" of participants or beneficiaries as being so empowered. MetLife's premise – that an ERISA claim under Section 1132(a)(1) cannot be brought **on behalf of** a participant by an authorized representative, but rather can only be brought **directly** by the participant himself or herself – is simply incorrect.

Courts regularly have rejected MetLife's "literal construction" argument in a variety of circumstances similar to the circumstance here. See, e.g., *Cottle v. Metropolitan Life Insurance Company,* 1993 U.S. Dist. LEXIS 150 (N.D. Ill. 1993)("plaintiff does not bring this action to assert any rights on his own behalf, but rather seeks only to enforce the beneficiary's rights to pre-death accrued health benefits. For purposes of this ERISA action, therefore, the trustee stands in the shoes of the

---

[4] The operative Complaint is the Amended Complaint, filed February 16, 2005 [Docket Entry 3]. For simplicity, we refer to it as "the Complaint". As noted throughout this Memorandum, some of the issues raised by Defendant's motion to dismiss are addressed in the proposed Second Amended Complaint, as to which a motion for leave to file is being filed concurrently with this Memorandum.

[5] The Section in pertinent part reads: "(a) Persons empowered to bring a civil action A civil action may be brought by a participant or beneficiary ..."

beneficiary, and thereby acquires derivative standing."); *Sanders v. International Society for Performance Improvement,* 740 A.2d 34 (D.C. App. 1999)(same as to personal representatives); *Clarke v. Ford Motor Company*, 220 F.R.D. 568 (E.D. Wis. 2004)(noting that ERISA is remedial legislation that should be liberally construed in favor of protecting participants, citing numerous Section 1132(a)(1)cases where representatives were held to have standing; and holding that personal representative of deceased participant had standing to assert claims on behalf of the decedent and had standing to represent a class of other participants);

Notwithstanding the lack of explicit statutory reference to "representatives", Fourth Circuit case law also holds that such representatives can have standing to pursue Section 1132(a)(1) claims on behalf of participants or beneficiaries. See, e.g., *Fredrick Neal, Executor of the Estate of Marilyn Godby-Neal, Plaintiff v. General Motors Corporation, et al.*, 266 F. Supp. 2d 449 (W.D.N.C. 2003)("Since Godby-Neal is designated as the beneficiary of the GM Plan, her estate has standing to clarify rights to future benefits under the terms of the plan") and see *Yarde v. Pan American Life Insurance Company*, 840 F. Supp.406 (D.S.C. 1994) *aff'd in part and rev'd in part*, 67 F.3d 298, 1995 U.S. App. LEXIS 25883 (4th Cir. 1995) (unpublished)[6].

*Yarde* involved a Section 1132(a) suit by a non-participant, non-beneficiary who was the sole heir of a deceased beneficiary. The defendants "assert[ed] that Plaintiff [was] not a beneficiary as defined by 29 U.S.C. Section 1002 (8) and therefore Plaintiff lack[ed] standing to bring an action under ERISA Section 502(a), 29 U.S.C. Section 1132(a)." 840 F. Supp. at 409. Both the District Court and the Fourth Circuit analyzed

[6] A copy of this unpublished opinion is attached as **Exhibit 1**, in accordance with Fourth Circuit Local Rule 36(c). The disposition is cited because it falls within the second paragraph of that Local Rule.

the standing issue under the "derivative standing theory" and both held that the plaintiff had standing under that doctrine.

In doing so, both the District Court and the Fourth Circuit noted that the Fourth Circuit previously had found itself in agreement with the view that standing under ERISA was fairly narrow and had "rejected a plan administrator's attempt to bring suit under Section 1132(a)(1)(B)." 1995 U.S. App. LEXIS 25883 at *11, citing *Provident Life & Acc. Ins. Co. v. Waller*, 906 F. 2d 985, 987-88 (4th Cir.), cert. denied, 498 U.S. 982(1990). But both the District Court and the Fourth Circuit also found that derivative standing should (and would) be allowed, although "only to the extent necessary to avoid frustrating the underlying purpose of ERISA – to 'protect[] ... the interests of participants in employee benefit plans and their beneficiaries'", quoting *Cottle v. Metropolitan Life Ins. Co.* 1993 WL 8201 (N.D. Ill. 1993).

The participants on whose behalf Giant is pursuing the Count I claim are not lawyers. They are, as the Continuation Forms attached as Exhibit C to the Complaint reflect, totally disabled former hourly employees of Giant. MetLife has denied them continued life insurance benefits because they submitted disability forms in what MetLife says was an untimely manner, even though MetLife granted the same life insurance benefits to other Giant employees who submitted their forms even later and even though the delay did not prejudice MetLife in any way whatsoever. Complaint, ¶ 24. Since the denials benefit MetLife financially, MetLife has every incentive to try to discourage these participants from pursuing the appeal of their claims at all, or , if they do, to try to have it be with other counsel less well versed in these matters. Indeed, MetLife's motion and its claim that Plaintiffs' counsel in this case have a conflict that requires their withdrawal – a

claim we vigorously dispute and address below – could itself be viewed as an attempt to "'frustrate the underlying purpose of ERISA – to 'protect[] ... the interests of participants in employee benefit plans and their beneficiaries."

MetLife asserts in its Brief (page 5) that "[c]ourts have held consistently that ERISA confers standing on only participants, beneficiaries, or fiduciaries to bring an action under ERISA Section 502." The assertion is incorrect. As demonstrated above, case after case – in the Fourth Circuit and elsewhere – has found non-participant, non-beneficiary representative after non-participant, non-beneficiary representative to have derivative standing to bring an action on behalf of a participant or beneficiary under ERISA Section 502. Giant has standing on that same basis here.

None of the cases cited by MetLife hold that a Section 1132(a)(1) claim cannot be brought **on behalf of a participant**. They simply hold that an employer, acting as an employer, lacks standing to bring a claim on its own behalf under Section 1132(a).[7] We do not dispute that an employer, acting **on its own behalf**, lacks standing under Section 1132(a). But that has nothing to do with standing as to a claim brought, as is Count I here, by an authorized representative on behalf of a participant.

Finally, MetLife argues that the Department of Labor Regulation dealing with authorized representatives (29 CFR § 2560.503-1(b)(4)) "demonstrates that Giant lacks standing." (Brief at 5). As noted above, the Regulation provides that "claims procedures for a plan will be deemed reasonable only if [...they] do not preclude an authorized

[7] MetLife at page 4 of its Brief cites *HealthTek Solutions, Inc. v. Fortis Benefits Ins. Co*, 274 F.Supp. 2d 767, 775 n.2 (E.D.Va. 2003) as support for the proposition that "[a]n employer, acting on its own **or as some alleged 'representative' of Plan participants,** does not have standing to pursue a civil action under ERISA."(emphasis added). The case simply does not say or hold what MetLife claims with respect to standing of an authorized representative. It deals only with standing of employers based on their status as an employer: "Any argument that an employer has standing to sue under ERISA based on their status as an employer must fail." 274 F. Supp. 2d at 775 n. 2.

representative from acting on behalf of a claimant in pursuing a benefit claim or appeal from an adverse benefit determination." MetLife does not explain in its Brief how or why a regulation that makes claims procedures per se unreasonable if those procedures preclude an authorized representative from acting on behalf of a claimant "demonstrates that Giant lacks standing" when Giant, acting as an authorized representative, continues to pursue a benefit claim or appeal from an adverse benefit determination in the next step in the appeal process after exhausting administrative remedies.

First, the cases MetLife cites in supposed support of this argument[8] do not address the issue of standing. All they do is reference the regulations in connection with certain time periods in the administrative claim process (*Gayle*); in connection with the form and content of notices in the administrative claim procedure (*Gruber*); and in connection with a judicial review of claim processes and procedures that were improperly applied (*Crespo*). Indeed, in *Crespo* the court reversed the insurance company's decision on the claim and ordered the insurance company to pay the claim as to all back payments due under the disability policy at issue and to "continue making future payments to Plaintiff under the policy until such time as it makes an adverse determination consistent with ERISA of her entitlement to long-term disability benefits under the policy." 294 F. Supp. 2d at 997.

Second, the fact that an ERISA Regulation deems the right of claimants to use authorized representatives in the claim and appeal process sufficiently important and beneficial to claimants that any plan precluding them is per se unreasonable does not

[8] The three cases cited are *Gayle v. UPS*, 2005 U.S.App. LEXIS 3935 (4th Cir. 2005), *Gruber v. UNUM Life Ins. Co. of Am.*, 195 F. Supp. 2d 716 (D. Md. 2002) and *Crespo v. UNUM Life Ins. Co of Am.*, 294 F. Supp. 2d 980 (N.D. Ill. 2003).

suggest that their use is prohibited in the judicial review phase of the claim and appeal process. To the contrary, it suggests that such representatives should be permitted.

**III. Ahold, A Plan Fiduciary, Has Standing To Bring Its Count II Section 1132(a)(3) Claim Against MetLife And Is Moving To Amend And Clarify The Claim In Any Event.**

MetLife argues that Count II "must be dismissed" because Ahold "is not authorized to bring a civil action to recover benefits for a plan participant; only a participant or beneficiary may bring such action." (MetLife's Brief, p. 6). MetLife relies entirely on *Coyne & Delaney Co. v. Blue Cross & Blue Shield*, 102 F.3d 712 (4th Cir. 1996), to support its argument. As discussed below, *Coyne* does not apply to the subject matter of Count II, and, in any event, to clarify the purpose and scope of Count II, Ahold contemporaneously has filed a Motion for leave to file a Second Amended Complaint, and in the context of that amendment it is clear that *Coyne* does not apply.

Ahold's original Count II arises under 29 U.S.C. § 1132(a)(3), which provides that a fiduciary may assert a cause of action for equitable relief to address "any act or practice which violates any provision of [ERISA] or the terms of the plan," or "to enforce any provision of [ERISA] or the terms of the plan." In Count II, paragraph 33, Ahold alleges that: "MetLife's failure to approve participants' proofs of total disability submitted to MetLife within a reasonable time constitutes a violation of the terms of the Life Insurance Plan requiring equitable relief." The relief requested by Ahold is to enforce the terms of the Life Insurance Plan by requiring MetLife "to accept and approve the individual participants' proofs of total disability and to approve continuation of life insurance coverage during each participant's period of total disability." Therefore, Count II is not a cause of action for any monetary benefit or life insurance proceeds on behalf of a

participant. Instead, Ahold filed Count II to compel MetLife to apply a correct interpretation of the plan's terms and to provide a continuation of life insurance coverage under the plan. If such relief is granted, of course, the Court's ruling will protect coverage for all participants in the plan.

Count II clearly does not involve the concerns expressed by the Fourth Circuit in *Coyne*. There, Plaintiff filed suit against Blue Cross for reimbursement of benefits paid to a participant under a group medical plan. The Court concluded that the Plaintiff/fiduciary was asserting a claim for benefits and that under § 1132(a)(1)(B), such claim is reserved to a participant, and not to a fiduciary. *Id.* at 714. Referring to *Massachusetts Mutual Life Insurance v. Russell*, 105 S.Ct. 3085 (1985), the Fourth Circuit ruled that a equitable claim for monetary damages under § 1132(a)(3) "must be for the plan as a whole rather than for individual beneficiaries." *Id.* at 714. It should be emphasized at this point that Ahold's Count II addresses an interpretation of the terms of MetLife's plan rather than as stating a monetary claim. Furthermore, a correct interpretation and application of the provisions of the plan, as requested by Ahold, would benefit all participants.

To eliminate any doubt concerning the validity of Count II, however, Ahold has prepared a Second Amended Complaint (with a red-lined version attached), along with a motion for leave to file it and a memorandum in support, all of which are being electronically filed concurrently with this Memorandum.

The proposed amendments to Count II include the following:

1. "MetLife has unilaterally and arbitrarily changed the terms of the Life Insurance Plan to require Continuation Forms to be filed within two years after a

participant was last actively at work rather than 'as soon as reasonably possible,' as prescribed by the plan. *This change effectively alters the administration and terms of the plan to the prejudice of all plan participants covered by the plan.*" (Second Amended Complaint, ¶ 33, emphasis added).

2. "By acting contrary to the terms of the plan, MetLife has acted to the actual and potential prejudice and detriment of all participants covered by the terms of the plan." (Second Amended Complaint, ¶ 34).

3. MetLife has effectively changed the terms of the plan contrary to 29 U.S.C. § 1021 and § 1024. (Second Amended Complaint, ¶ 35).

4. "MetLife has acted in the discharge of its duties with respect to the plan solely in its own interest, rather than the interest of participants and beneficiaries as required by 29 U.S.C. § 1104(a)." (Second Amended Complaint, ¶ 36).

5. "This Count II is not a claim for benefits by Ahold, but rather is a cause of action for equitable relief to enforce the terms of the plan, including a judicial declaration that MetLife cannot unilaterally and arbitrarily change the terms of the plan, and that MetLife specifically perform its responsibilities under the plan by providing continuation of life insurance benefits to all participants who become disabled and who submit Continuation Forms within a reasonable time after receiving such forms from the Plan Administrator." (Second Amended Complaint, ¶ 37).

The relief requested by Ahold involves equitable enforcement of the terms of the Life Insurance Plan; i.e. a declaration that "MetLife cannot apply a two year limitation on the timely filing of proofs of disability, that all participants shall have a reasonable time to file proofs of disability after receiving the necessary forms from the Plan

Administrator, and that MetLife must provide any participant with a continuation of life insurance benefits after the participant submits a proof of disability within a reasonable time." (Second Amended Complaint, p. 17).

In summary, Count II, as amended, requests equitable relief on a plan-wide basis for the benefit of all participants in accordance with Ahold's fiduciary responsibility to enforce the terms of the plan *as written*. As important, Ahold's cause of action is based on specific violations of ERISA by MetLife, including improper changes to the plan's terms and acting contrary to the interests of participants. Therefore, Count II falls squarely within the framework of Section 1132(a)(3).

**IV. The Interests Of Giant And Ahold Are Aligned With The Interests Of The Participants.**

MetLife argues that Counts I and II should be dismissed "because the interests of Giant and Ahold conflict with the interests of the nine employees [plan participants]." (MetLife's Brief, p. 8). In MetLife's view, if this Court upholds "MetLife's denial of benefits, Ahold and/or Giant could be liable to the nine employees for failure to provide timely the necessary forms [for filing proofs of disability]." On the other hand, according to MetLife, "if the employees were found entitled to benefits," MetLife "could file a claim against Ahold and/or Giant ..."[9] In MetLife's world, if a court decrees that MetLife must provide insurance coverage to beneficiaries, it can recover its payments from a Plan Administrator who attempts to enforce MetLife's insurance obligations. With due respect to MetLife, this argument is simply illogical.

[9] MetLife does not explain the supposed basis for such a claim. This Court held in *Openshaw v. Cohen, Klinenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 362-64 (D. Md. 2004) that ERISA does not provide a right to contribution among fiduciaries and dismissed a claim just like the one MetLife references.

MetLife repeatedly refers to a "conflict of interest" without defining the conflict except in terms of Ahold's potential exposure to claims by employees. But MetLife offers no rational explanation why Ahold would not want to be successful in this lawsuit to protect the insurance interests of its employees. A conflict of interest is nothing more (or less) than an "incompatibility between one's private interests and one's public or fiduciary duties." Blacks Law Dictionary, p. 295 (7th Ed. 1999). The allegations in Ahold's Complaint make it evident that there is no conflict whatsoever in the interests of the nine totally disabled participants, Giant and Ahold. If Ahold has any potential liability to the participants, that liability is mooted if MetLife is required to provide continuation of life insurance benefits, and it is that outcome which is an incentive to Ahold and Giant to pursue MetLife vigorously in order to correct the wrongs MetLife has worked on Ahold, Giant and the plan participants.

Finally, MetLife does not cite any authority to support its unique theory of conflict of interest. Certainly, Ahold has a fiduciary responsibility to protect the insurance interests of the plan participants. This suit is consistent with that responsibility. Since Ahold, Giant, and the participants have a compatible interest in the pursuit and outcome of this action, no conflict of interest exists. MetLife's arguments offer no basis to dismiss either Count I or Count II.

**V. The Cause Of Action Asserted In Count III For Specific Performance Is Not Preempted Because It Is Based On State Law Which Regulates Insurance**

In response to MetLife's preemption argument, Ahold notes that under 29 U.S.C. § 1144(b)(2)(A) preemption does not apply to claims based on state laws regulating insurance. MetLife complains, however, that Ahold "fails to cite any state law regulating insurance ... which would defeat ERISA's broad preemptive force ..." (MetLife's Brief,

n. 6, p. 12). In deference to MetLife's argument, Ahold's proposed Second Amended Complaint includes specific references to Maryland's insurance statutes in ¶ 45:

1. *Insurance Article § 17-308*: This statute requires certificates issued to participants under a group plan to state the insurance protection to which the insured is entitled. In this case, MetLife's certificates state that a participant has a reasonable time to submit Continuation Forms. By unilaterally altering the time to two years, MetLife effectively circumvents Maryland's laws concerning insurance certificates.

2. *Insurance Article § 12-203*: Certificates of insurance issued to participants must be approved by the Insurance Commissioner of Maryland. By unilaterally changing the time for filing Continuation Forms (from a reasonable time to two years), MetLife has varied its certificates without approval by the Insurance Commissioner.

3. *Insurance Article § 27-101*: This statute prohibits unfair practices in the business of insurance. It is difficult to describe a unilateral and arbitrary variance from prescribed insurance coverages as anything but an unfair practice.

4. *Insurance Article § 27-202*: MetLife is prohibited from misrepresenting the terms of its policy. The Life Insurance Plan permits a reasonable time for filing Continuation Forms; by arbitrarily interpreting "reasonable time" to mean two years, without any reference to the time when participants receive their Continuation Forms for filing, MetLife either misrepresented the terms of its plan when certificates were issued, or the certificates themselves misrepresent the plan's coverage.

By analogy, a state's notice – prejudice rule (under which an insurer cannot avoid liability where proof of claim is untimely) regulates insurance and is safe from

preemption. *UNUM Life Insurance Company v. Ward*, 119 S.Ct. 1380 (1999). Consistent with *UNUM*, Maryland's requirements for the accuracy of certificates issued under group plans, its prohibition of unfair practices in the business of insurance, and its prescriptions for honest representation of coverages are all specifically directed to the insurance industry, grounded in public policies specific to the insurance industry, and govern insurance relationships. In short, MetLife's alleged contract-breaching conduct is conduct specifically regulated by, and subject to, the provisions of Maryland's laws regulating insurance. Ahold's Count III request for specific performance, therefore, arises out of (and seeks enforcement of) Maryland's insurance code. As such, Count III is not preempted by ERISA.

**CONCLUSION**

MetLife has interpreted the Life Insurance Plan to preclude continuation of life insurance coverage for disabled participants. This interpretation is contrary to the specific language and intent of the plan. Each of the individual participants affected by MetLife's efforts to terminate coverage has a right to designate a representative to contest MetLife's actions. This includes representation in legal proceedings to enforce their rights and benefits. In this case, Giant is acting as each participant's duly authorized representative in Count I. Therefore, MetLife has no basis for disputing Giant's standing in Count I.

In a like manner, Ahold has the responsibility and right to enforce the terms of the plan to protect the interests of all plan participants in the context of procedures that will apply for securing the continuation of insurance coverage when a participant becomes disabled. Count II states a valid cause of action under Section 1132(a)(3).

Furthermore, there is simply no conflict of interest between Ahold, Giant, and the individual participants. Each is interested in the proper interpretation and application of the Life Insurance Plan by MetLife. MetLife's arguments to the contrary are simply wrong and do not justify dismissal of Count I or Count II.

Finally, Ahold has alleged facts sufficient to support a claim for specific performance under Count III. Because MetLife's conduct which gives rise to Ahold's cause of action is inextricably tied to the requirements of Maryland's insurance laws, Ahold's cause of action in Count III is not preempted by ERISA.

**ACCORDINGLY**, Ahold and Giant request this Court to deny MetLife's Motion to Dismiss.

Dated: April 20, 2005.

Respectfully submitted,

James K. Archibald (D. Md. Bar No. 00097)
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4901
Facsimile (202) 344-8300
jkarchibald@venable.com

John H. Zink, III (D. Md. Bar No. 01224)
VENABLE LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517
Telephone: (410) 494-6254
Facsimile: (410) 821-0147
jhzink@venable.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of April, 2005, a copy of Plaintiffs' Memorandum in Opposition to Motion to Dismiss was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

James K. Archibald

DC2/#635900 v4