**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**AHOLD USA, INC.,** *et al.*,

        **Plaintiffs,**

v.                                                      **Case No.: 1:05-cv-00256-WDQ**

**METROPOLITAN LIFE INSURANCE
COMPANY,**

        **Defendant.**

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant Metropolitan Life Insurance Company ("MetLife"), by counsel, respectfully submits this reply brief in support of its motion to dismiss Plaintiffs' Amended Complaint.[1]

**I.    Count I must be dismissed because Giant lacks standing.**

Section 502(a) prescribes the civil actions available under ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52 (1987). ERISA limits this Court's jurisdiction to only "suits by the entities specified in the statute." *Provident Life & Accid. Ins. Co. v. Waller,* 906 F.2d 985, 987 (4th Cir. 1990). The statute provides that only "participants" and "beneficiaries" may bring civil actions to recover benefits under the Plan. 29 U.S.C. § 1132(a) (standing to sue for recovery of benefits conferred on only participants and beneficiaries). *See also Coyne & Delaney Co. v. Blue Cross & Blue Shield,* 102 F.3d 712, 714 (4th Cir. 1996) (only a "participant" or "beneficiary" has standing to bring suit to recover benefits). Giant is neither a participant nor a beneficiary. It seeks to bring this suit as some alleged "authorized representative" under 29 C.F.R. § 2560.503-

---

[1] This reply brief addresses only the deficiencies of Plaintiffs' Amended Complaint. Plaintiffs filed a Motion for Leave to Amend that Complaint when they filed their Memorandum in Opposition to MetLife's motion to dismiss. A brief in opposition to Plaintiffs' Motion for Leave to Amend is filed contemporaneously with this reply brief.

1

1(b)(4). (Complaint, ¶ 3). Section 502 does not confer standing on, nor has any court allowed, a third-party to file a civil action under ERISA as an "authorized representative" of plan participants under 29 C.F.R. § 2560.503-1(b)(4).

Giant asks the Court rewrite ERISA to confer standing on a new class of entities – "authorized representatives." However, Plaintiffs' desired judicial legislating is not available. Only Congress may rewrite ERISA to expand the class of those with standing to sue. *See, e.g., Stone v. Powell*, 428 U.S. 465, 506 (1976) (courts may not rewrite jurisdictional statutes enacted by Congress); *Cannon v. Group Health Serv*., 77 F.3d 1270, 1274 (10th 1996) (role of Congress, not courts, to rewrite ERISA). Congress chose to limit those who can sue to recover ERISA-regulated employment benefits to only plan participants and beneficiaries. This Court should decline Plaintiffs' invitation to rewrite ERISA and dismiss Count I of the Amended Complaint.

Contrary to Plaintiffs' position, 29 C.F.R. § 2560.503-1(b)(4) does not confer standing on Giant to bring a civil action. The Department of Labor ("DOL") regulation cited by Plaintiffs relates to a plan's obligation to maintain reasonable claim procedures. It does not supersede a statute by expanding the class of persons with standing to bring a civil action under § 502. *See* 29 C.F.R. § 2560.503-1(b) (subheading "Obligation to establish and maintain reasonable claim procedures"). Even if the regulation were intended to permit civil actions by an "authorized representative" – which it is not – Giant would still lack standing. Such a regulation would violate the separation of powers doctrine. The DOL may not create new private rights of action to enforce ERISA. Private rights of action to enforce federal law must be created by only Congress. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 578 (1979). Congress created a private right of action to enforce ERISA and defined who may bring such an action. 29 U.S.C. §

2

1132(a). Congress did not include an "authorized representative" among those that could bring an action. Neither the DOL nor the courts may rewrite ERISA to confer standing on Giant.

Indeed, none of the cases cited by Plaintiffs supports their attempt to expand the statute to confer standing on Giant. Each was a civil action brought by the estate of a plan participant or beneficiary, or a trustee of a beneficiary's assets. *See Yarde v. Pan American Life Ins. Co.,* 1995 U.S. App. LEXIS 25883 (4th Cir. Sept. 12, 1995) (suit by sole heir of beneficiary's estate); *Clarke v. Ford General Retirement Plan,* 220 F.R.D. 568 (E.D. Wis. 2004) (suit by representative of participant's estate); *Neal v. General Motors Corp.,* 266 F. Supp. 449 (W.D.N.C. 2003) (suit by beneficiary's estate); *Cottle v. Metropolitan Life Ins. Co.,* 1993 U.S. Dist. LEXIS 150 (N.D. Ill. Jan. 13, 1993) (suit by trustee of beneficiary's trust); *Sanders v. Int'l Society for Performance Improvement,* 740 A.2d 34 (D.C. 1999) (suit by employee's estate). In each case, the beneficiary or participant had died. The estate or heir was permitted to sue for recovery of benefits owed allegedly to the deceased. Significantly, standing was conferred on the estate or heir only because the participant or beneficiary was not alive to bring the action. *See, e.g., Yarde,* 1995 U.S. App. LEXIS 25883, *6 ("insurance company should not be allowed to deny . . . benefits merely because the participant and beneficiary of the health plan have died."); *Sanders,* 740 A.2d at 36 (Congress did not intend to preclude participant's estate from bring action participant could maintain if still alive). Indeed, the death of the participant or beneficiary resulted in the estate or heir becoming, in effect, a beneficiary. Any benefits paid to the deceased were paid to the estate or heir.

In contrast, the nine employees in this case are alive and able to sue MetLife to recover Plan benefits. Unlike the participants or beneficiaries in the cases cited by Plaintiffs, the nine employees have not bequeathed, assigned, or transferred to Giant their financial interests in or

rights to recover Plan benefits. Giant's interest in this case is personal – it wants to avoid being sued by its employees for failing to provide them with plan documents and causing them to lose life insurance benefits. Giant's self-serving motive does not, however, make it some sort of beneficiary of Plan benefits.

Congress conferred standing on only participants and beneficiaries to sue under ERISA to recover plan benefits. No court has ever interpreted ERISA or 29 C.F.R. § 2560.503-1(b)(4) to permit a suit to recover Plan benefits by an "authorized representative." Giant lacks standing. Count I must be dismissed.

## II.     Count II must be dismissed because Ahold lacks standing.

No amount of creative wordsmithing can disguise the fact that Count II of the Amended Complaint seeks to recover life insurance benefits for the nine employees. Despite Plaintiffs' attempt to argue the contrary, Plaintiffs' true motives are betrayed by the relief requested: "Ahold respectfully requests this Court for equitable relief enforcing the terms of the [Plan] by Ordering MetLife to accept and approve the individual participants' proof of total disability and *to approve continuation of life insurance coverage* during each participant's period of total disability." (Complaint, ¶ 34) (emphasis added).

Continuation of life insurance coverage is a benefit. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65-67 (1987) (suit for reinstatement of insurance coverage and disability benefits is claim for benefits under ERISA § 502(a)(1)). According to the Supreme Court, a suit for continuation of life insurance coverage is a claim for Plan benefits. However, "Congress simply did not intend to provide fiduciaries with a cause of action for benefits." *Coyne & Delaney Co. v. Blue Cross & Blue Shield,* 102 F.3d 712, 715 (4th Cir. 1996). *See also Plumb v. Fluid Pump Serv.*, 124 F.3d 849, 862-63 (7th Cir. 1997) (fiduciary may not bring suit to recover

4

plan benefits); *Trigon Ins. Co. v. Columbia Naples Capital, L.L.C.*, 235 F. Supp. 2d 495 (E.D. Va. 2002) (same). As a fiduciary, Ahold lacks standing to bring a claim under ERISA § 502 to recover benefits for Plan participants. Accordingly, Count II must be dismissed.

Despite their vigorous protests about the viability of Count II, Plaintiffs' actions speak louder than their words. Plaintiffs have requested leave to amend Count II because they know Ahold lacks standing. (Mem. in Opposition, p. 12). A cursory review of the red-lined version of the proposed Second Amended Complaint makes clear that Plaintiffs are not amending Count II to clarify their claim. They seek to amend to cure a fatal deficiency. Count II of the proposed Second Amended Complaint would be rewritten entirely and seek entirely different relief. *Compare* Amended Complaint, ¶¶ 31-34, *with* proposed Second Amended Complaint, ¶¶ 31-40.[2] Indeed, Plaintiffs defend Count II of the Amended Complaint, arguing that their proposed Second Amended Complaint fixes the pleading's deficiencies! (Mem. in Opposition, p. 14) ("In summary, Count II, *as amended,* requests equitable relief on a plan-wide basis. . . . Therefore, Count II falls squarely within the framework of Section 1132(a)(3).") (emphasis added).

In ruling on MetLife's motion to dismiss, the Court must look at Count II, as currently pled. *See United States v. Gaubert,* 499 U.S. 315, 327 (1991) (on a motion to dismiss, court looks to only allegations in the complaint). Just as Giant attempted to do in Count I, Ahold seeks in Count II to recover life insurance coverage for the nine employees. ERISA § 502 does not confer standing on Ahold to sue for recovery of Plan benefits. Indeed, by Ahold's own tacit admission, Count II is fatally flawed and must be dismissed.

---

[2] As explained in MetLife's Brief in Opposition to Plaintiffs' Motion for Leave to Amend, leave to amend should be denied. "Amending," or actually rewriting Count II entirely, would be futile. The proposed "amended" Count II would attempt to state a purely speculative claim, asking this Court to substitute its own interpretation of Plan provisions for that of the claim administrator, and to issue an advisory opinion for claims never made.

### III.  Counts I and II must be dismissed because Giant and Ahold have a clear conflict of interest.

Contrary to Giant's and Ahold's assertion, their interest is not aligned with the interest of the nine employees.  The interest of the nine employees is clear – they want to recover life insurance benefits under the Plan.  The interest of Giant and Ahold is equally clear – they want to avoid being sued for their failure to provide Plan documents to the nine employees which such failure caused their loss of benefits.  Those interests are not the same.

The nine employees' claims for continuing life insurance benefits were denied because, contrary to the Plan's requirements, they failed to submit proof of disability within 12 months after they stopped working.  (Complaint, ¶¶ 12, 18-19).  In each case, Giant and Ahold failed to provide to the employees the requisite form for submission to MetLife until at least 2 years after (and in some cases 4 years after) the employees stopped working.  (Complaint, ¶ 18).  Giant and Ahold even allege that the reason the employees did not submit timely to MetLife their proof of disability is because Giant and Ahold did not provide the forms to the employees in a timely fashion.  (Complaint, ¶¶ 21, 23).  Given these undisputed facts, it is reasonably foreseeable that the nine employees (or MetLife) could pursue claims against Giant and Ahold for their failure to provide timely the Plan documents.

Contrary to Plaintiffs' allegations, MetLife's denial of benefits was not an attempt to "work a wrong" on Giant, Ahold or the Plan participants.  (Mem. in Opposition, p. 15).  If any "wrong" has been "worked," it is Giant's and Ahold's failure to provide Plan documents to the nine employees and their subsequent attempt to avoid liability by pursuing claims against MetLife despite their clear conflict of interest with the employees.  Giant and Ahold argue that there is no conflict because any liability they might have to the nine employees would be "mooted *if* MetLife is required to provide continuation of life insurance benefits."  (Mem. in

6

Opposition, p. 15).  Despite Giant's and Ahold's hopeful speculation, what happens if MetLife is not ordered to continue the employee benefits?  Giant and Ahold know well that they will likely be sued by the employees.  Believing the best defense is a good offense, they attempt desperately to bring this suit – struggling, even a third time with their proposed Second Amended Complaint, to state a claim!

Giant's and Ahold's interest in avoiding liability, however, is not the primary consideration.  When determining whether there is a conflict precluding Giant and Ahold from being granted "representational standing," not permitted by ERISA and never allowed by any court, this Court must look at the interests of the nine employees.  *See Maryland Highways Contractors Ass'n v. Maryland,* 933 F.2d 1246, 1252-53 (4th Cir. 1991) (when there is potential conflict of interest, protection of interests of individual members is considered before conferring standing).  The nine employees have an interest that is greater than, and conflicts with, Giant's and Ahold's interest.  The nine employees want life insurance benefits.  By their own admission, Giant and Ahold want life insurance benefits for the nine employees, ***but only if*** MetLife is required to provide those benefits.  (Mem. in Opposition, p. 15).[3]  These interests are not aligned.

---

[3] Giant's and Ahold's argument that there is no conflict of interest rests entirely on their success in this suit.  Given the procedural history of this case, the nine employees – each of whom have standing to seek recovery of Plan benefits – may desire better odds.  Giant and Ahold have already amended their complaint once.  Now, they have moved to amend it a second time, trying to correct admitted pleading deficiencies.  The Motion for Leave to Amend failed, however, to submit any proposed changes to Count III, despite their argument in their brief, suggesting that Giant and Ahold will either abandon this count or will submit yet a fourth proposed complaint.  Finally, as demonstrated in MetLife's Brief in Opposition to the Motion for Leave to Amend, the proposed Second Amended Complaint would not save any of the claims from dismissal.

Giant's and Ahold's interests are conflicted with those of the employees. Their creatively-claimed "representational standing" should not be conferred by this Court.[4] Counts I and II must be dismissed for lack of standing.

## IV. Count III must be dismissed because it is preempted by ERISA.

It is well-settled that causes of action based on state law, seeking recovery of benefits under employee benefit plans, are preempted by ERISA. *See Aetna Health Inc. v Davila,* 542 U.S. 200, 124 S. Ct. 2488, 2495 (2004) (state law cause of action that duplicates or provides alternative means of recovering benefits due allegedly under ERISA is preempted); *Pizlo v. Bethlehem Steel Corp.,* 884 F.2d 116, 120 (4th Cir. 1989) (state law claim which would determine whether benefits are paid or affect administration of plan are preempted by ERISA).

Count III purports to assert a state law breach of contract claim for specific performance. The relief requested reveals that this state law claim seeks recovery of life insurance benefits under the Plan. Plaintiffs ask for an order requiring MetLife to "approv[e] as timely applications by individual participants for the continuation of life insurance coverage." (Complaint, ¶ 42). Indeed, the only alleged "breach" by MetLife was the denial of life insurance coverage to certain Plan participants. (Complaint, ¶ 39). Plaintiffs' breach of contract claim is preempted. *See Davila,* 124 S. Ct. at 2498 (state law claim related to wrongful denial of benefits preempted by ERISA); *Powell v. Chesapeake & Potomac Tel. Co. of Virginia,* 780 F.2d 419, 421 (4th Cir. 1985) (state law claims related to alleged improper denial of plan benefits preempted by ERISA).

---

[4] Giant and Ahold cite no authority for their proposition that an employer or plan administrator may bring suit on behalf of plan participants to recover plan benefits when that employer or plan administrator may be liable for failure to provide necessary documents. Indeed, they can cite no such authority because, as demonstrated in Sections I and II, *supra*, an employer or plan administrator may not bring suit on behalf of plan participants to recover plan benefits.

8

Acknowledging the fatal flaws in their state law claim, Plaintiffs' opposition to the dismissal of Count III depends entirely on amending the Complaint, yet again, to include references to various Maryland insurance statutes. (Mem. in Opposition, pp. 15-17). Interestingly, Plaintiffs' proposed Second Amended Complaint, attached to their Motion for Leave to Amend, contains no proposed changes to Count III, despite claims to the contrary in Plaintiffs' brief. Even if proposed amendments to Count III had been submitted, the mere reference to a state insurance statute would not save Count III from dismissal. Every state in this country has enacted insurance laws. If a plaintiff could avoid preemption simply by citing a state insurance statute, ERISA preemption would cease to exist. Congress intended ERISA's preemption clause to be broad in scope. *Pilot Life,* 481 U.S. at 56. The United States Supreme Court held recently that ERISA preempted a state law claim arising under a Texas insurance statute because the suit was brought to remedy only the denial of benefits under an ERISA-regulated plan. *Davila,* 124 S. Ct. at 2502. The purpose of ERISA's preemption clause was to ensure that employee benefit plans would be regulated uniformly around the country. *Id.,* 124 S. Ct. at 2495. State law claims relating to recovery of plan benefits are preempted by ERISA. *Id.,* 124 S. Ct. at 2502

Count III, as set forth in the Amended Complaint (and the proposed Second Amended Complaint), does not seek to enjoin MetLife from violating some independent duty arising under Maryland's insurance statutes. For example, it is not a suit by a state to enjoin some unfair practice violative of state regulation. It is simply a state law breach of contract claim arising out of MetLife's denial of Plan benefits. The relief requested is the recovery of life insurance benefits. Plaintiffs' breach of contract claim is preempted by ERISA. *See, e.g., Davila,* 124 S. Ct. at 2498. Count III must be dismissed.

## V. Conclusion

For the foregoing reasons, and for those set forth in its Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint, MetLife requests respectfully that this Court dismiss with prejudice Plaintiffs' Amended Complaint, and award MetLife its attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(1).

DATED this 10th day of May, 2005.

>Respectfully submitted,
>
>METROPOLITAN LIFE INSURANCE COMPANY
>
>By:   /s/ Jennifer A. Kerkhoff
>         Of Counsel

Jennifer A. Kerkhoff (D. Md. Bar No. 15397)
Eric W. Schwartz, Esq. (Of Counsel)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
Telephone: (202) 274-2950
Facsimile: (202) 654-5655
jennifer.kerkhoff@troutmansanders.com
eric.schwartz@troutmansanders.com

*Counsel to Defendant Metropolitan Life Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of May 2005, a copy of the above and foregoing Reply Brief in Support of Motion to Dismiss was filed electronically with the Clerk of the Court, using the CM/ECF system, which is to send notification of such filing to all parties and counsel in this case.

>      /s/ Jennifer A. Kerkhoff

1010114