IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| | * |
| AHOLD USA, INC., et al., | |
| | * |
| Plaintiffs, | |
| | * |
| v. | CIVIL NO.: 1:05-cv-256-WDQ |
| | * |
| METROPOLITAN LIFE INSURANCE | |
| COMPANY | * |
| | |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*


MEMORANDUM OPINION AND ORDER

Plaintiffs Ahold USA, Inc. ("Ahold") and Giant Food LLC
("Giant"), on behalf of Bertha Berkeridge, Barbara Brasher, Mary
Knighten, Kirby Knill, David Morris Jr., Betty Proctor, Karen
Styer, Larry Warble Sr. and Steven Zannoni (the "Individual
Plaintiffs") have sued the Metropolitan Life Insurance Company
("MetLife") pursuant to § 502 of the Employment Retirement Income
Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), and for
breach of contract under state law.  Pending are Plaintiffs'
motion to file a second amended complaint and to amend the Motion
to File a Second Amended Complaint.  Also pending is MetLife's
motion to dismiss.  For the following reasons, Plaintiffs'
motions to amend will be granted in part and denied in part, and
MetLife's motion to dismiss will be granted in part and denied in
part.

1

I.  Background

    Ahold provides life insurance coverage to eligible employees of Ahold and Giant (an Ahold subsidiary) as part of its employee welfare benefit plan.  Amended Complaint, ¶ 4.  The life insurance benefits are provided through a group term life insurance policy (the "Plan") issued to Ahold by MetLife.  *Id* at ¶ 1.  Ahold is the Plan sponsor and administrator.  *Id* at ¶ 4.

    Under the Plan, a fully disabled former employee of Ahold or Giant may retain life insurance coverage if the employee: 1) becomes totally disabled before life benefits end; 2) was covered for basic life insurance when the disability started; 3) was less than 60 years old when totally disabled; and 4) submits proof of disability to MetLife.  Amended Complaint, ¶ 12.  The Plan requires that proof of disability be submitted to MetLife within one year of the former employee's last day of work.  *Id*.  However, under the Plan, "if any proof is not given on time, the delay will not cause a claim to be denied so long as the proof is given as soon as reasonably possible."  *Id*.

    The Individual Plaintiffs are fully disabled former Giant employees and Plan participants.  Amended Complaint, p. 3.  To comply with the Plan's proof of disability requirement, Giant provided each Individual Plaintiff a "Statement of Review for Continuance of Life Insurance Protection During Total Disability" (the "Continuation Form") which was to be completed by the

Individual Plaintiffs and submitted to MetLife.  Amended
Complaint, ¶ 14.  The Continuation Forms were provided to the
Individual Plaintiffs from two to four years after each
Individual Plaintiff's last day of work at Giant.  *Id* at ¶ 18.
The Individual Plaintiffs completed and submitted the
Continuation Forms to MetLife two to four months after receiving
them from Giant.  *Id.*

Upon receipt of the Continuation forms, MetLife denied the
requests for continued life insurance coverage, citing the
failure of the Individual Plaintiffs to provide timely proof of
disability as required by the Plan.  *Id* at ¶ 14.  The Individual
Plaintiffs' appeals were denied.  *Id* at ¶¶ 15-17.  Plaintiffs
allege that MetLife considers a delay of more than two years
unreasonable, and refuses to continue coverage for participants
who submit proof of disability more than two years after their
employment ends.  *Id* at 19.

Giant has sued as personal representative of the Individual
Plaintiffs pursuant to 29 U.S.C. § 1132(a)(1)(B) alleging that
MetLife abused its discretion in denying the Individual
Plaintiffs continued life insurance coverage.  Amended Complaint,
¶¶ 26-29.  Giant seeks an order requiring MetLife to provide
continued life insurance coverage.  *Id* at ¶ 30.

Ahold has sued as a fiduciary pursuant to 29 U.S.C. §
1132(a)(3)(b), alleging that MetLife has violated the Plan by

denying continued life insurance coverage.  Amended Complaint, ¶¶
31-33.  Ahold seeks an order requiring MetLife to accept the
Individual Plaintiffs' proof of disability and to approve
continuation of coverage.  *Id* at ¶ 34.  Ahold has also sued
MetLife for breach of contract under state law for its refusal to
provide continuing coverage.  *Id* at ¶ 39.  Ahold seeks an order
requiring MetLife's specific performance of its contractual
duties under the Plan.  *Id* at 42.


II.  Analysis

A.  Plaintiffs' Motion for Leave to Amend the Motion to File a
Second Amended Complaint

     On April 20, 2005, the Plaintiffs filed a motion for leave
to file a second amended complaint pursuant to Federal Rule of
Civil Procedure 15(a).  On May 10, 2005, MetLife opposed the
motion; that motion did not include the final draft of the
proposed Second Amended Complaint.  On May 11, 2005, Plaintiffs
filed a motion for leave to amend the Motion to File a Second
Amended Complaint; that motion included a corrected version of
the proposed Second Amended Complaint.  MetLife argues that the
motion to amend the Motion to File a Second Amended Complaint
should be denied because such an amendment would be futile, and
forcing MetLife to respond to another complaint would be unduly
prejudicial.

Under Rule 15(a) "a party may amend the party's pleadings only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Motions for leave to file an amended complaint are to be liberally granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harless v. CSX Hotels,* 389 F.3d 444 (4th Cir. 2004); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Davis v. Piper Aircraft,* 615 F.2d 606 (4th Cir. 1980); *Openshaw v. Cohen, Klingenstein & Marks*, 320 F.Supp.2d 357 (D.Md. 2004).

1.  Undue Prejudice

MetLife argues that it would be unduly prejudiced if forced to respond to another set of allegations and accuses Plaintiffs of exploiting a "procedural gimmick" to avoid dismissal. Plaintiffs argue that the filing of the erroneous Motion to File a Second Amended Complaint was a regrettable—but good faith—mistake and that MetLife will not be prejudiced because the arguments are substantially the same.

Plaintiffs' filing of the erroneous Motion to Amend the Amended Complaint is not so prejudicial as to justify denying

Plaintiffs the opportunity to have their claims adjudicated on their merits.

First, the delay created by the filing of the erroneous Motion to File a Second Amended Complaint is inconvenient, but not excessive.  Although Plaintiffs' mistake has delayed these proceedings by 30 days, discovery has not been completed, and no trial date has been set.  Therefore, the erroneous filing has not created undue delay or disruption.

Secondly, although the erroneous motion differs in some respects from the corrected motion, none of these differences is so significant that requiring MetLife to respond would be unduly prejudicial.  Plaintiffs make fundamentally the same arguments in both complaints: that 1) Ahold, as Plan sponsor and administrator, is a fiduciary of the Plan participants that can bring suit to enforce the terms of the Plan under 29 U.S.C. § 1132(a)(3)(B); 2) MetLife's decision that proof of disability more than two years after an employee's employment is untimely violates the Plan; and 3) MetLife should be barred from applying the two year limitation.

Although the corrected Second Amended Complaint includes new arguments that MetLife's two year limitation is an arbitrary change of the Plan without notice in violation of 29 U.S.C. § 1021 and § 1024 of ERISA, the essential argument is the same: MetLife's two year limitation prejudiced Plan participants.

6

Similarly, Count III remains largely the same in the corrected Second Amended Complaint.  In both versions of the Second Amended Complaint Ahold argues that MetLife breached its contract with Ahold under state law.  The erroneous Count III asserts that "this claim is not preempted by ERISA since it is based on state law which regulates insurance and otherwise."  The corrected Count III replaces "and otherwise" in ¶ 41 with specific references to the sections of the Annotated Code of Maryland which govern the insurance industry.  This revision provides clarification of Ahold's argument but does not change the basis of the claim; allowing the Plaintiffs to amend Count III of the proposed Second Amended Complaint would not unduly prejudice MetLife.

2.  Futility

MetLife also argues that Plaintiffs' motion to amend the Motion to File a Second Amended Complaint should be denied on the grounds of futility.  MetLife contends that, even as amended, the proposed Second Amended Complaint cannot withstand a motion to dismiss, and the motion to amend should be denied.

Determinations of futility under Rule 15(a) are governed by the standard for motions to dismiss.  *Openshaw,* 320 F.Supp.2d 357 at 359; *see also Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).  Plaintiffs would not be permitted to amend their

Motion to File a Second Amended Complaint if the proposed Second Amended Complaint could not survive a motion to dismiss.

Under Rule 12(b)(6) a claim may be dismissed if the Plaintiff has failed to state a claim upon which relief can be granted.  A motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Chao v. Rivendell Woods,* 415 F.3d 342, 346 (4th Cir. 2005); *De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003); *Mylan*, 7 F.3d at 1134.

MetLife contends that Count I of the Second Amended Complaint should be dismissed because Giant lacks standing to sue because it is not a party under § 1132(a)(1) and because of a conflict of interest between Giant and the Plan participants. MetLife argues that Count II of the Second Amended Complaint should be dismissed because: 1) Ahold has failed to raise a justiciable case or controversy; and 2) Ahold has failed to state a claim upon which relief can be granted under § 1132(a)(3). MetLife further contends that Count III of the Second Amended Complaint should be dismissed because Ahold's state law claim is

preempted by ERISA.

    a.  Count I

    Count I of the Plaintiffs' corrected Second Amended
Complaint is unchanged from the Amended Complaint; Giant, as
personal representative of the Individual Plaintiffs seeks to
clarify and enforce the rights of the Individual Plaintiffs under
the Plan pursuant to § 1132(a)(1)(B).  MetLife argues that Giant
lacks standing under § 1132(a)(1)(B) because Giant is neither a
Plan participant nor a beneficiary.

    Under 29 U.S.C. § 1132(a)(1) a civil action may be brought
by a "participant or beneficiary" to recover benefits due under
the plan, to enforce rights under the plan, or to clarify rights
to future benefits under the plan.  Section 1002(7) of ERISA
defines a "participant" as "any employee or former employee of an
employer...who is or may become eligible to receive a benefit of
any type from an employee benefit plan which covers employees of
such employer...."  Section 1002 (8) defines a beneficiary as "a
person designated by a participant, or by the terms of an
employee benefit plan who is or may become entitled to a benefit
thereunder."

    Section 1132(a)(1) has been narrowly construed to limit
standing to parties specified in the statute.  *Clark v. E.I.
DuPont de Nemours and Company,* 105 F.3d 646, slip op. at 2 (4th

Cir. 1997); *Coyne & Delany Company v. Blue Cross & Blue Shield,*
102 F.3d 712 (4th Cir. 1996); *Yarde v. Pan American Life*
*Insurance Company,* 67 F.3d 298, slip op. at 3 (4th Cir. 1995);
*Provident Life and Accident Insurance Company v. Waller,* 906 F.2d
985 (4th Cir. 1990); *Healthtek Solutions v. Fortis Benefits*
*Insurance Co.,* 274 F.Supp.2d 767 (E.D.Va. 2003).  As the Fourth
Circuit held in *Coyne*, "Congress did not...simply make the
actions enumerated in [§ 1132(a)] generally available to all
parties.  Instead [§ 1132(a)] specifies which persons may bring
actions for particular kinds of relief."  102 F.3d 712, 714.

Although Plaintiffs argue that courts have interpreted §
1132(a)(1) to allow representatives of plan participants and
beneficiaries standing to sue, in the cases cited by the
Plaintiffs, the proposed representatives were heirs or executors
of the estate of a plan participant or beneficiary.  *Sanders v.*
*International Society for Performance Improvement,* 740 A.2d 34
(DC Cir. 1999)(executor of beneficiary's estate granted
standing); *Clarke v. Ford Motor Company,* 220 F.R.D. 568 (E.D.Wis.
2004)(daughter of deceased beneficiary granted standing);
*Frederick Neal, Executor of the Estate of Marilyn Godby-Neal, v.*
*General Motors Corporation,* 266 F.Supp.2d 449 (W.D.N.C.
2003)(executor of beneficiary's estate granted standing); *Yarde*
*v. Pan-American Life Insurance Company*, 840 F.Supp.406 (D.S.C.
1994)(heir of plan beneficiary granted standing); *Cottle v.*

10

*Metropolitan Life Insurance Company,* 1993 WL 8201 (N.D.Ill 1993)(trustee of beneficiary's estate trust granted standing). Plaintiffs have cited no case in which a personal representative was granted standing to sue on behalf of a living plan participant.

As the former employer of the Individual Plaintiffs, Giant is not a plan "participant" or "beneficiary" as those terms are defined under ERISA.  Giant is not the heir or executor of the estate of any of the individual plaintiffs and has not offered any reason why the Individual Plaintiffs cannot bring claims against MetLife.  As Giant lacks standing to sue MetLife under § 1132(a)(1), Count I cannot survive a motion to dismiss under Rule 12(b), and amending Count I would be futile.


b.  Count II

In Count II of the corrected Second Amended Complaint, Ahold seeks to enforce the Plan under § 1132(a)(3)(B).  Ahold contends that MetLife's two year limitation period is: 1) a violation of the Plan; 2) an alteration of the Plan that prejudiced Plan participants; 3) a violation of Plan amendment procedures; and 4) a violation of §§ 1021 and 1024 of ERISA which require notification of Plan changes to Plan participants.

MetLife argues that it has no general policy that all claims submitted after two years are untimely, but made individualized

determinations that the claims of the Individual Plaintiffs were untimely.  Thus, MetLife argues, the complaint about MetLife's two year limitation policy involve hypothetical future actions by MetLife and is not an actual case or controversy.

Although MetLife denies a general policy of barring all claims submitted more than two years after employment, Plaintiffs' allegations of such a policy must be treated as true. *Chao,* 415 F.3d 342 at 346; *De'Lonta,* 330 F.3d 630 at 633; *Mylan*, 7 F.3d at 1134.  Assuming that MetLife has such a policy, and being unable to assume the allegation is untrue, the Court must treat this as an actual, justiciable controversy.

MetLife further argues that even if there is a justiciable controversy, Ahold has failed to state a claim under § 1132(a)(3).  MetLife argues that Ahold's claim seeks enforcement of Plan obligations on behalf of the Individual Plaintiffs, a remedy not provided under § 1132(a)(3).

Section 1132(a)(3) provides that a civil action may be brought by a participant, beneficiary or fiduciary "to obtain other appropriate equitable relief...to enforce any provisions of this subchapter or the terms of the plan."  Section 1132(a)(3) is intended to provide "appropriate equitable relief for injuries caused by violations that [§ 1132(a)] does not elsewhere adequately remedy."  516 U.S. 489 (1996).  When a party is provided adequate relief under § 1132(a)(1)(B), the plaintiff

does not have a remedy under § 1132(a)(3). *Griggs v. E.I. DuPont de Nemours & Co.,* 237 F.3d 371 (4th Cir. 2001); *Coyne,* 102 F.3d 712, 716; *Hoyle v. Liberty Life Insurance Company of Boston,* 291 F.Supp.2d 414 (W.D.N.C. 2003); *Blair v. Young Phillips, Corp.,* 235 F.Supp.2d 465 (M.D.N.C. 2002). Section 1132(a)(3) "is limited to relief protecting the integrity of the plan as a whole and does not extend to individual plan participants." *Kopicki v. Fitzgerald Automotive Family Employee Benefits Plan,* 121 F.Supp.2d 467 (D.Md. 2000) *citing William v. Caterpillar, Inc.,* 944 F.2d 658 (9th Cir. 1991).

Ahold has brought suit under § 1132(a)(3) to enjoin MetLife from applying the two year limitation to all Plan participants. Although such an order will affect the Individual Plaintiffs, it would apply to MetLife's administration of the Plan as a whole and affect all employees of Ahold and its subsidiaries who are Plan participants. Such relief could not be secured under § 1132(a)(1)(B) which would affect benefits denied to individual Plan participants. Also, Ahold, as a Plan fiduciary, lacks standing under § 1132(a)(1)(B) and can only bring its claim under § 1132(a)(3).

Ahold is not barred from bringing Count II, and the motion to amend will be granted as to Count II.

c.  Count III

In Count III Ahold argues that MetLife breached its
contractual duties under state law by denying the Individual
Plaintiffs continued life insurance coverage and seeks an order
requiring MetLife to approve as timely the Individual Plaintiffs'
applications for continued coverage.  MetLife counters that state
law claims seeking recovery of benefits under ERISA benefit plans
are preempted by ERISA.

Under 29 U.S.C. § 1144(a), ERISA "supersede[s] any and all
State laws insofar as they may now or hereafter relate to any
employee benefit plan...."  Section 1144(a) is "intended to
ensure that employee benefit plan regulation would be exclusively
a federal concern."  *Aetna v. Davila,* 542 U.S. 200 (2004).
Therefore, "any state-law cause of action that duplicates,
supplements, or supplants the ERISA civil enforcement remedy
conflicts with the clear congressional intent to make the ERISA
remedy exclusive and is therefore preempted."  *Id at* 2495.
Whether a state law claim is preempted by ERISA, turns on whether
the claim is an alternative to enforcement under § 1132(a).
*Darcangelo v. Verizon Communications,* 292 F.3d 181 (4th Cir.
2002); *Coyne & Delany v. Selman,* 98 F.3d 1457 (4th Cir. 1996).
"If the alleged liability is derived from or dependent upon the
existence and administration of an ERISA-regulated benefit plan,
then the state-law claims are not entirely independent of the

14

federally regulated contract itself and are therefore preempted."
*Radcliff v. El Paso,* 377 F.Supp.2d 558 (S.D.W.Va. 2005); *see also*
*Davila,* 542 U.S. 200 at 2498.

In its state law claim, Ahold seeks to compel MetLife to
provide the Individual Plaintiffs with continued insurance
coverage; this duplicates its claim under § 1132(a).  Although
Plaintiffs cite Maryland Annotated Code provisions for a
potential cause of action, Ahold principally seeks enforcement of
the terms of the Plan.  MetLife's potential liability, therefore,
is derived from and dependent upon the existence and
administration of an ERISA regulated plan.  Accordingly, Count
III is preempted by the enforcement provisions of ERISA.
Plaintiff's motion to amend Count III of the proposed Second
Amended Complaint will be denied.


B.  Plaintiffs' Motion to Amend the Amended Complaint

As noted above, the Court will deny the Plaintiffs' motion
to amend the Motion to File a Second Amended Complaint as to
Count I and III; Plaintiffs' motion to file a second amended
complaint as to Count I and III will also be denied.

The Court will grant the Plaintiffs' motion to amend the
Motion to File a Second Amended Complaint as to Count II as
amending Count II would neither be futile nor impose undue
prejudice on MetLife; the motion to file a second amended

15

complaint as to Count II will be granted.


C.  Defendant's Motion to Dismiss

     MetLife has moved to dismiss the Plaintiffs' suit under Rule 12(b)(1) and 12(b)(6); alleging that Ahold and Giant lack standing to sue and that the Plaintiffs' state law claim is preempted by ERISA.  As noted above, Giant lacks standing to sue under § 1132(a)(1) and Ahold's state law claim for breach of contract is preempted.  As a result, MetLife's motion to dismiss will be granted as to Count I and III of the Amended Complaint. For the reasons stated above MetLife's motion to dismiss will be denied as to Count II.


Date: September 26, 2005         _____/s/_____
                                 William D. Quarles, Jr.
                                 United States District Judge