```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
AHOLD USA, INC.,
                              *
      Plaintiff,
                              *
v.                                  CIVIL NO.: 1:05-cv-256-WDQ
                              *
METROPOLITAN LIFE INSURANCE
COMPANY                       *

      Defendants.             *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

Memorandum Opinion

Plaintiff Ahold USA, Inc. ("Ahold") has sued the Metropolitan Life Insurance Company ("MetLife") pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). Pending is MetLife's motion for judgment on the pleadings or, in the alternative, for summary judgment. Also pending is Ahold's motion for leave to file a surreply. For the following reasons, Ahold's motion to file a surreply and MetLife's motion for judgment on the pleadings will be denied.

I.  Background

Ahold provides life insurance coverage to eligible employees as part of its employee welfare benefit plan. Second Amended Complaint, ¶ 1-4. The life insurance benefits are provided through a group term life insurance policy (the "Plan") issued to Ahold by MetLife. *Id* at ¶ 4-5. Ahold is the Plan sponsor and

administrator.  *Id* at ¶ 4.

Under the Plan, a fully disabled former employee of Ahold may retain life insurance coverage if the employee: 1) becomes totally disabled before life benefits end; 2) was covered for basic life insurance when the disability started; 3) was less than 60 years old when totally disabled; and 4) submits proof of disability to MetLife.  Second Amended Complaint, ¶ 12.  The Plan requires that proof of disability be submitted to MetLife within one year of the former employee's last day of work.  *Id.*  However, under the Plan, "if any proof is not given on time, the delay will not cause a claim to be denied so long as the proof is given as soon as reasonably possible."  *Id*.

Bertha Berkeridge, Barbara Brasher, Mary Knighten, Kirby Knill, David Morris Jr., Betty Proctor, Karen Styer, Larry Warble and Steven Zannoni are fully disabled former employees of an Ahold subsidiary and Plan participants (the "Employees").  Second Amended Complaint, ¶ 15-18. To comply with the Plan's proof of disability requirement, Ahold provided each Employee with a "Statement of Review for Continuance of Life Insurance Protection During Total Disability" (the "Continuation Form") which was to be completed by the Employees and submitted to MetLife.  Amended Complaint, ¶ 14.  The Continuation Forms were provided to the Employees from two to four years after each Employees' last day of work at Ahold.  *Id* at ¶ 18.  The Employees completed and

2

submitted the Continuation Forms to MetLife two to four months after receiving them. *Id.*

Upon receipt of the Continuation forms, MetLife denied the requests for continued insurance coverage because proof of disability had not been submitted within two years of the employees' last day of work and, therefore, was not submitted "as soon as reasonably possible." Second Amended Complaint, ¶ 19.

Ahold has sued pursuant to 29 U.S.C. § 1132(a), alleging that MetLife: 1) violated the Plan; 2) altered the Plan; 3) violated Plan amendment procedures; and 4) failed to notify participants of changes in the Plan.

MetLife has moved for judgment on the pleadings or, in the alternative, for summary judgment, arguing that MetLife's decision to impose a two-year limitation on the submission of proof of disability: 1) constituted an interpretation of the terms of the plan; 2) should be reviewed for abuse of discretion; and 3) was reasonable.

Ahold has responded, arguing that MetLife is not entitled to judicial deference and MetLife's denial of coverage was unreasonable. Ahold has also moved to file a surreply to MetLife's Reply.

II. Motion for Leave to File a Surreply

Under Local Rule 105.2(a), surreply memoranda are not

permitted unless ordered by the court. "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Dring v. Sullivan*, 423 F.Supp.2d 540, 549 (D.Md. 2006); *see also Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003), aff'd, 85 Fed.Appx. 960 (4th Cir. 2004).

Ahold argues that it should be granted leave to file a surreply so that it can respond to MetLife's arguments that: 1) Maryland lacks a notice-prejudice rule; 2) *Mitchell v. First Unum Life Ins. Co.* applies; and 3) Ahold bears the burden of proving a conflict of interest. MetLife argues in response that these arguments were not presented for the first time in its Reply.

A. Notice-Prejudice Argument

In its Response brief, Ahold cites *Ballard v. Northwestern National Life*, 931 F.2d 513 (8th Cir. 1991) in support of its argument that what is "as soon as reasonably possible", depends on the individual employee. In its Reply, MetLife distinguished *Ballard* by noting that: 1) the Eighth Circuit decided the case based on Arizona's notice-prejudice statute which requires insurers to prove prejudice before denying an insurance claim; and 2) Maryland lacks a notice-prejudice statute.

As MetLife's argument simply rebuts Ahold's contention that

4

*Ballard* should control the Court's decision, it was not first raised in MetLife's Reply.  Accordingly, the notice-prejudice argument does not warrant a surreply.

B.  Application of *Mitchell*

Ahold argues in its Response that MetLife's application of a two-year limitation period is unreasonable because the Employees did not receive the Continuation Forms from Ahold until after that time.  In its Reply, MetLife cites *Mitchell* to argue that Ahold's failure to enable its employees to timely submit the Continuation Forms does not warrant a reversal of MetLife's decision to deny coverage.

As *Mitchell* is cited only to refute Ahold's argument, its citation does not justify the filing of a surreply.

C.  Conflict of Interest

MetLife contends that it is vested with the discretion to interpret Plan provisions and, therefore, its decisions should be reviewed for abuse of discretion.  Ahold argues in its Response that because MetLife administers the plan and pays benefits, it operates under a clear conflict of interest and, therefore, its decisions should not be reviewed deferentially.  MetLife argues in its Reply that Ahold has offered no proof of an actual conflict.

5

As above, MetLife's argument responds to issues raised by Ahold in its Response.  Accordingly a surreply on the conflict issue is not warranted.

D.  Conclusion

For the reasons stated above, Ahold's motion to file a surreply will be denied.

III.  Motion for Judgment on the Pleadings

MetLife has moved for judgment on the pleadings or, in the alternative, for summary judgment, arguing that MetLife's decision to impose a two-year limitation on the submission of proof of disability: 1) constituted an interpretation of the terms of the plan; 2) should be reviewed for abuse of discretion; and 3) was reasonable.

Ahold has responded arguing that MetLife is not entitled to judicial deference; and 2) MetLife's denial of coverage was unreasonable.

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings after the pleadings are closed.  Federal Rule of Civil Procedure 12(c).  A motion for judgment under Rule 12(c) will be evaluated under the Rule 12(b)(6) standard.  *Burbach Broadcasting Company v. Elkins Radio Corporation,* 278 F.3d 401,405-406 (4th Cir. 2002); *National Cas.*

6

*Co. v. Lockheed Martin Corp.*, 415 F.Supp.2d 596 (D.Md. 2006).

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and reasonable inferences

drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

B.  Standard of Review

MetLife argues that: 1) it was vested with the discretionary authority to interpret the terms of the plan and to determine eligibility for Plan benefits; 2) it interpreted the terms of the Plan in denying the claims of the Employees; and 3) it's decision should be reviewed for abuse of discretion.  Ahold argues that MetLife's decision should be reviewed *de novo* because: 1) MetLife was conflicted; and 2) MetLife's decision constituted an alteration of the plan.

Under the Plan, disabled employees seeking to receive continued death benefits must submit proof of their disability within one year of the employee's last day of work.  Ahold Benefit Plan, p. 13.  However, the Plan provides that "if any proof is not given on time, the delay will not cause a claim to be denied so long as the proof is given as soon as reasonably possible."  *Id*.  The term "as soon as reasonably possible",

however, is not defined.

The Plan further provides that MetLife "shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." Benefit Plan, p. 33. Acting on this authority, MetLife has interpreted the term "as soon as reasonably possible" to mean within two years of the employees last day of work. Accordingly, MetLife has interpreted, rather than amended, the Plan.

Although ERISA plans, as contractual documents, are generally interpreted *de novo* by the courts, *Booth v. Wal-Mart Stores, Inc.*, 201 F.3d 335 (4th Cir. 2000); *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783 (4th Cir. 1995), when a plan confers discretion on a fiduciary to determine eligibility for benefits or to construe the terms of the plan, the fiduciary's decisions are reviewed for abuse of discretion. *Stup v. Unum Life Insurance Co.,* 390 F.3d 301 (4th Cir. 2004); *Booth,* 201 F.3d 335; *Bernstein,* 70 F.3d 783. A fiduciary's decision, therefore, will be upheld if reasonable. *Id.*

When a fiduciary's decision to award or deny benefits impacts its financial interests, the conflict of interest may reduce the deference given to the fiduciary's discretionary decision. *Booth,* 201 F.3d 335; *Bernstein*, 70 F.3d at 787. "A court, presented with a fiduciary's conflict of interest, may

9

lessen the deference given to the fiduciary's discretionary decision to the extent necessary to neutralize any untoward influence resulting from that conflict." *Id* at 343, note 2; *see also Stup v. Unum Life Insurance Co.,* 390 F.3d at 307; *Bernstein*, 70 F.3d at 787; *Doe v. Group Hospitalization & Medical Services*, 3 F.3d 80 (4th Cir. 1993). "Even the most careful and sensitive fiduciary [with a conflict of interest] may unconsciously favor its profit interest over the interests of the plan, leaving beneficiaries less protected than when the trustee acts without self-interest and solely for the benefit of the plan." *Doe,* 3 F.3d at 86-87. This conflict "*must* be weighed in determining whether there is an abuse of discretion." *Booth,* 201 F.3d at 342 (emphasis in the original).

As MetLife determines eligibility for benefits and pays beneficiaries, it operates under a conflict of interest. *Colucci v. AGFA Corp.,* 431 F.3d 170,179 (4th Cir. 2005)("the circumstances under which we have suggested a conflict of interest might arise are when a plan is managed by its insurer, whose revenue comes from fixed premiums paid by the plan's sponsor."); *Stup,* 390 F.3d at 307; *Bernstein,* 70 F.3d at 787; *Doe,* 3 F.3d 86-87. Accordingly, the Court will apply a lessened abuse of discretion standard.

10

C.   Whether MetLife's Decision was Reasonable

In determining the reasonableness of a fiduciary's decision to deny benefits or interpret plan provisions, courts may consider, *inter alia*: 1) the language of the plan; 2) the purposes and goals of the plan; 3) the adequacy of the materials considered to make the decision and the degree to which they support it; 4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; 5) whether the decisionmaking process was reasoned and principled; 6) whether the decision was consistent with the procedural and substantive requirements of ERISA; 7) any external standard relevant to the exercise of discretion; and 8) the fiduciary's motives and any conflict of interest it may have.   *Booth,* 201 F.3d at 342-343.

MetLife denied the claims of the Employees on the grounds that submission of proof more than two years after the last day worked is not "as soon as reasonably possible."  MetLife contends that this determination was reasonable because "a benefit plan cannot remain exposed indefinitely to unknown claims that could be made anytime, possibly years in the future, just because an employer fails...to provide its employees with Plan documents." Def.'s Mot. for Judgment on the Pleadings, p. 12.  The issue, therefore, is whether MetLife's interpretation of "as soon as reasonably possible" was reasonable.

11

Ahold argues that: 1) the language of the plan requires a subjective analysis of what was "as soon as reasonably possible"; 2) MetLife's decision does not serve the purpose of the Plan; 3) MetLife made its decision to deny benefits based on incomplete information; 4) Metlife's interpretation of what constituted "as soon as reasonably possible" was not consistently applied; 5) MetLife's decision was arbitrary; 6) MetLife's decision was not consistent with ERISA requirements; 7) it was reasonable for employees to rely on Ahold and MetLife to administer the plan in a way that complied with ERISA requirements; and 8) MetLife was motivated by the desire to save money.

1. Language of the Plan

In providing that a delay "will not cause a claim to be denied so long as the proof is given as soon as reasonably possible", the plain language of the Plan suggests a subjective analysis.[1]  Accordingly, MetLife's imposition of a two-year deadline is not consistent with the language of the Plan.

---

[1] Black's Law Dictionary defines "reasonable" as "fair, proper, or moderate under the circumstances."  Blacks Law Dictionary (8th ed. 2004).  "Reasonable time" is defined as "the time needed to do what a contract requires to be done, based on subjective circumstances."  *Id.*

12

2. Consistency

MetLife denied benefits to Bertha Berkeridge, Barbara Brasher, Mary Knighten, Kirby Knill, David Morris Jr., Betty Proctor, Karen Styer, Larry Warble and Steven Zannoni because they submitted their Continuation Forms more than two years after their last day of work.  William Hedgepeth and Frieda Staubitz also submitted their Continuation Forms more than two years after their last day of work but received continued coverage.

According to MetLife, Staubitz's benefits were continued because of a mistaken belief that she had submitted proof of her disability within two years.  MetLife contends that Hedgepeth's benefits were continued because he resided in North Carolina and North Carolina law requires an insurer to show actual prejudice before denying claims due to untimely submission.

As MetLife apparently applies the two-year limitation only to participants who live in states without notice-prejudice statutes, its interpretation of what constitutes "as soon as reasonably possible" is not consistent.

3. Reasoned Decision Making

MetLife contends that a two-year limitation is reasonable in order to ensure that the company does not remain indefinitely exposed to future claims.  Ahold argues the limitation is arbitrary and was adopted to deny benefits from the Employees.

13

MetLife has offered no evidence that it was prejudiced by the Employees' delay in submitting their Continuation Forms. As the company continued benefits for William Hedgepeth because he lived in a state with a notice-prejudice statute (which requires an insurer to prove actual prejudice before denying an untimely claim), clearly a two-year delay is not automatically prejudicial.

Additionally, as noted above, the plain language of the Plan suggests a subjective analysis of what is "as soon as reasonably possible." As the two-year limitation applies regardless of circumstances (except as to residents of notice-prejudice states) it contradicts the language of the Plan.

Furthermore, the Employees were unaware that MetLife had imposed a two-year deadline. As a result, the Employees were unaware that Ahold's delay in providing them the Continuation Forms would lead to the denial of their claims.[2] In the absence of language in the Plan alerting the Employees that "as soon as reasonably possible" meant "within two years" and given the Employees apparent reliance on their Employer, the Court finds MetLife's decision that the forms were not submitted "as soon as reasonably possible" to be unreasonable.

---

[2] Once they received the Continuation Forms the Employees submitted them to MetLife within two to four months.

14

4.  Conflict

As noted above, MetLife administered the Plan and paid benefits to participants.  Although there is no evidence that MetLife deliberately denied benefits in order to maximize profits, this inherent conflict will be considered.

D.  Conclusion

For the reasons stated above, MetLife's motion for judgment on the pleadings will be denied.

| | |
|---|---|
| 7/6/06 | /s/ |
| Date | William D. Quarles, Jr.<br>United States District Judge |